**SECURITY BANK & TRUST CO.,
Plaintiff–Appellant,**

v.

**CITIZENS NATIONAL BANK OF
LINTON, Defendant–Appellee.**

No. 28A01–8806–CV–196.

Court of Appeals of Indiana,
First District.

Feb. 6, 1989.

H. Brent Stuckey, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for plaintiff-appellant.

Joseph A. Sullivan, Bloomfield, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant, Security Bank & Trust Co. (Security), appeals the decision of the Greene Circuit Court granting a motion for relief from default judgment in favor of defendant-appellee, Citizens National Bank of Linton (Citizens).

We reverse.

### STATEMENT OF THE FACTS

At sometime prior to January 24, 1978, John Cary (John) executed a mortgage on certain real estate located in Greene County, Indiana in favor of Citizens as security for repayment of a loan. Thereafter, on January 3, 1986, John executed a second mortgage on the same real estate in favor of Security in order to secure repayment of an additional loan he had received from that bank. In September or October of 1987 John began falling in arrears on his monthly installment payments to Citizens. In response, Citizens attempted to contact John for payment and considered instituting foreclosure proceedings. Likewise, John became delinquent in repaying his

loan to Security. John's brother, Walter Cary (Walter), was senior vice-president at Security, and became aware that the bank was having difficulty collecting from John. After meeting with Walter, John agreed to contact his creditors and begin satisfying his obligations.

Shortly after their meeting, Walter visited Tony DeVault (DeVault), Vice–President at Citizens, in December of 1986. Walter explained that he was John's brother and was employed with Security. Walter further informed DeVault that he was working with John to liquidate his assets in order to pay his creditors and inquired into the status of John's loan with Citizens. Upon making this inquiry, Walter requested that Citizens not take any action until he had a chance to liquidate John's assets, pointing out that Citizens was in a first lien position on the real estate and its value was sufficient to cover John's debts. As a result of this conversation, DeVault stopped the foreclosure proceedings which had been commenced against John and instructed Richard Fields (Fields), a customer service representative with Citizens, to allow Walter three to four months to sell John's assets.

Following these events, Fields discussed John's loan problem with Walter on two occasions. The first occasion was in January of 1987 when Walter telephoned Citizens at John's request. He spoke to Fields and informed him that John was hospitalized and reiterated that he was working with John to satisfy his creditors. The second occasion was in February of 1987, when Fields telephoned Walter to determine his progress with the liquidation program. Walter advised Fields he was having trouble and needed additional time to work things out. Following this conversation, Walter had no further contact with anyone at Citizens regarding John's loan with that bank.

Some four months later, on June 18, 1987, Security filed a complaint to foreclose on the mortgage it held on the real estate in question. Citizens was named as a defendant to answer for any interests it may have had in the property by virtue of the mortgage recorded in 1978. A summons and copy of the complaint were served upon Citizens' President, Sherman Anderson. Citizens failed to answer the complaint or cause an appearance to be entered, however, and Security filed a motion for default judgment on August 27, 1987. A hearing was held on the motion on September 25, 1987, following which the trial court defaulted Citizens and entered judgment in favor of Security. The real estate was advertised for sale for three successive weeks and was sold at a sheriff's sale on November 9, 1987. Although Citizens was aware of the sale, it did nothing.

Counsel for Citizens entered an appearance and filed a motion for relief from default judgment on November 20, 1987. Citizens claimed that it failed to answer the complaint and defend Security's foreclosure action due to Walter's previous conversations with its personnel. On the basis of its contacts with Walter, therefore, Citizens contended the default judgment should be set aside on the grounds of mistake, surprise, or excusable neglect. After hearing evidence on the matter, the trial court granted the motion on March 2, 1988, and ordered the sheriff's sale set aside. From this judgment, Security has perfected its appeal.

## ISSUE

Security raises two issues for our review. Because we reverse, however, the only issue which we need address is:

> Whether the trial court abused its discretion in relieving Citizens of the default judgment entered against it.

## DISCUSSION AND DECISION

On appeal, Security contends there were not sufficient facts before the trial court to justify its decision granting Citizens' motion for relief from default judgment on the basis of mistake, surprise, or excusable neglect.

Ind. Rules of Procedure, Trial Rule 60(B) provides in pertinent part:

> On motion and upon such terms as are just the court may relieve a party or his

legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

■■■ Our standard of review in the area of default judgments is a limited one. The decision whether to set aside a default judgment is committed to the sound discretion of the trial court. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288. Its decision in this regard is necessarily broad as any determination of excusable neglect must turn upon the unique factual background of each case. No fixed rules or standards have been established as the circumstances of no two cases are alike. *Seibert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332; *Grecco v. Campbell* (1979), 179 Ind. App. 530, 386 N.E.2d 960. Thus, our review is limited to determining whether there has been an abuse of discretion. *Henderson v. American Optical* (1981), Ind.App., 418 N.E.2d 549. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom. *Boles, supra; Town of Portage v. Clifford* (1970), 254 Ind. 443, 260 N.E.2d 566. An abuse of discretion will not have occurred so long as there exists even slight evidence of excusable neglect. *Lipscomb v. Markward* (1983), Ind.App., 457 N.E.2d 613; *Henderson, supra.*

We must determine whether Citizens' failure to answer the complaint was excusable under all the facts and circumstances. Citizens does not deny that it was served with a summons and copy of the complaint thereby receiving proper notice of Security's foreclosure suit. Rather, it relies upon Walter's previous contacts as providing an excuse for its failure to answer the complaint.

■■■ The evidence before the trial court showed that Walter, who was employed by Security, spoke with two of Citizens' representatives on three different occasions regarding his brother's loan which was secured by property upon which each bank held a mortgage. Pursuant to these conversations, DeVault testified that he stopped the foreclosure proceedings which had been commenced against John and granted him three to four months to remedy his delinquency on the loan. Although there is some debate about the exact substance of the discussions, Citizens did not allege that Walter requested that it not respond to a subsequent foreclosure suit or make any promises as to the future possibility of such. The most that can be said about Walter's prior contacts with Citizens, therefore, is that they caused Citizens to delay instituting foreclosure proceedings against John. This, however, does not constitute evidence providing Citizens an excuse for failing to answer Security's complaint to foreclose.

The filing of Security's foreclosure suit created an entirely new set of facts. Thereafter, Citizen's decisions whether to pursue its own foreclosure proceedings against John and whether to respond to Security's foreclosure suit were two separate matters. The officers at Citizens were bankers; they were not lay people. They understood perfectly the ramifications of foreclosure suits and summons. Once Citizens received Security's complaint advising of the foreclosure action, it had a duty to appear and answer to defend any interests it may have had in the property. Nevertheless, Citizens took no action in regard to Security's complaint filed some four months after Walter's last contact with its representatives and allowed the trial court to enter default judgment against it in September, seven months after those last discussions. Officials at Citizens were even aware of the pending foreclosure sale and failed to respond. It is also significant that Anderson, upon whom the summons was served, did not testify at the hearing on the motion. We do not know what his thoughts were or what actions he may have taken when he received the complaint. In view of all the facts and circumstances before it, the trial court abused its discretion in determining Citizens' failure to answer the complaint was excusable. The conclusions it reached were clearly against

the logic and effect of the facts and circumstances before the court and the reasonable, probable deductions to be drawn therefrom. There were not sufficient facts to support the trial court's decision to set aside the default judgment.

Accordingly, for the above reasons, the judgment is reversed and the trial court is ordered to enter judgment for Security.

JUDGMENT REVERSED.

RATLIFF, C.J., and CONOVER, P.J., concur.