**PEFFLEY & HENSHAW WRECKER SERVICE, Appellant–Defendant,**

v.

**Frank SWALLS and Marie Swalls, Appellees–Plaintiffs.**

**No. 83A01–9001–CV–14.**

Court of Appeals of Indiana, First District.

June 6, 1990.

Terry R. Modesitt, Terre Haute, for appellant-defendant.

Gregory S. Carter, Trueblood Harman Carter & Cook, Terre Haute, for appellees-plaintiffs.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Peffley and Henshaw Wrecker Service (Peffley) appeals the trial court's determination that Peffley was liable to Frank and Marie Swalls (Swalls) for conversion of the Swalls' automobile. We affirm.

## FACTS

On October 31, 1987, the Swalls were involved in an automobile collision which resulted in property damage to their automobile. As a result of this collision, the Swalls' automobile was towed from the scene of the accident by Peffley at the direction of the Vigo County Police Department. The automobile was towed to Peffley's premises where it then remained.

Marie Swalls and her son John Swalls went to Peffley's premises on at least three occasions to inspect the automobile. The first occasion was on the day of the collision at which time the Swalls removed certain personal possessions from the automobile and took photographs of the damage sustained by the automobile. John returned to Peffley's premises approximately three weeks later, and again on February 1, 1988. In early December 1987, the Swalls were notified that pursuant to the Abandoned Vehicle Act [1] Peffley had filed an abandoned vehicle form with the Bureau of Motor Vehicles (BMV). Marie and John testified at trial that Peffley, through its owner and operator, Daniel Langer, assured the Swalls that the abandoned vehicle filing was a mere formality and that the car would not be sold at auction. Marie Swalls also stated that she offered to "pay [Peffley] a sum down on to [the automobile] to hold it or whatever it takes because we [the Swalls] want that car." Record at 53. However, as born out by the testimony of Daniel Langer, Peffley did not accept payment on an automobile once an abandoned vehicle form was filed with BMV. In April 1988, the BMV ordered that the Swalls' automobile be sold. At auction, the automobile was sold for $411. Peffley received $110 from the State of Indiana for towing and storage expenses.

On November 10, 1988, the Swalls filed a complaint against Peffley alleging conversion [2] of the automobile and requesting treble damages and attorney fees. [3] Peffley denied all allegations made in the Swalls' complaint. After several continuances were granted, Peffley, on October 10, 1989, submitted a Motion for Leave to File Counterclaim which was denied by the trial court. On the same date trial was held on the Swalls' complaint. After hearing the evidence, the trial court entered judgment in favor of the Swalls for $1,733 in treble damages and attorney fees. From this judgment, Peffley now appeals.

## ISSUES

1. Did the trial court err in failing to find that the Swalls' vehicle was abandoned, and that, therefore, Peffley was immune from liability arising out of loss or damage to the vehicle occurring during the towing, storage, or disposition of the vehicle?

2. Did the trial court err in sustaining the Swalls' objection to certain evidence relating to the Swalls' receipt of compensation for the vehicle as the result of another action against another party?

3. Did the trial court err in denying Peffley's Motion for Leave to File a Counterclaim filed on the first day of trial?

## DISCUSSION AND DECISION

*Issue One*

■ Peffley first claims that the trial court erred in entering judgment in favor of the Swalls because under the provisions of the Abandoned Vehicle Act, Peffley was immune from liability for loss or damage to the vehicle arising out of the removal, storage, or disposition of the vehicle. *See* I.C. § 9-9-1.1-11. Peffley is mistaken. Peffley is essentially arguing that the trial court's determination was contrary to law.

---

1. IND.CODE § 9-9-1.1-1 *et seq.*

2. IND.CODE § 35-43-4-3.

3. IND.CODE § 34-4-30-1.

We will reverse a trial court's determination as being contrary to law only if the evidence is without conflict and leads to one conclusion which is opposite to .that conclusion reached by the trial court. *Robb v. Matthews Buick–Pontiac Inc.* (1987), Ind.App., 516 N.E.2d 1110, 1111.

In the present case Peffley's claim rests on the erroneous position that the Swalls' automobile was abandoned and, hence, subject to the provisions of I.C. § 9–9–1.1–1 *et seq.* Peffley's contention that the Swalls' vehicle was abandoned is based on I.C. 9–9–1.1–2(6) which reads as follows:

" 'Abandoned vehicle' means: (6) a vehicle that has been removed by a towing service or a public agency upon request of an officer enforcing a statute or ordinance other than this chapter, if the vehicle once impounded is not claimed or redeemed by the owner or his agent within fifteen (15) days of its removal."

As Peffley asserts, and the Swalls concede, the automobile was towed pursuant to the request of a police officer. However, Peffley fails to note that the Swalls claimed the vehicle on the day of the collision, well within the fifteen (15) day period articulated in I.C. 9–9–1.1–2(6). Therefore, the vehicle could not be considered abandoned under this section, and was not subject to the disposition and immunity provisions of the Abandoned Vehicle Act.

Peffley appears to argue that the Act requires that the Swalls do more than merely make the towing service aware of their ownership interest in the vehicle in order to "claim" the vehicle within the meaning of I.C. 9–9–1.1–2(6). In support of this position Peffley relies on I.C. 9–9–1.1–3 which places the liability for the costs incidental to the removal, storage, and disposition of an abandoned vehicle on the owner of that vehicle. Also in support of this position, Peffley notes I.C. 9–9–1.1–4(c) which states that in order for an owner to have an abandoned vehicle released, the owner must pay all proper costs incurred

against the vehicle. However, in citing these provisions Peffley is engaging in circuitous reasoning; before either section 3 or 4 of the Abandoned Vehicles Act can be applied, the vehicle must be determined to be abandoned. As previously stated, under I.C. 9–9–1.1–2(6) the owner of a vehicle must simply claim or redeem the vehicle within fifteen days; the provision does not require the payment of expenses in order to avoid having the vehicle considered abandoned. By returning to Peffley's premises on the day of the accident and exerting their ownership privileges, the Swalls claimed their vehicle well within the applicable time limit, and the trial court did not err in failing to find that Peffley was immune from liability by virtue of the immunity provision of the Abandoned Vehicle Act for damages sustained by the wrongful disposition of the vehicle.[4]

*Issue Two*

Peffley next contends that the trial court erred in sustaining the Swalls' objection during trial to a question asked of John Swalls by Peffley's attorney which related to whether or not the Swalls had previously recovered the value of the vehicle based upon a separate claim against another party.

Where a trial court sustains an objection to evidence, it will be upheld on appeal if there is any basis upon which the ruling is correct. *Santini v. Consolidated Rail Corp.* (1987), Ind.App., 505 N.E.2d 832, 835; *Hahn v. Ford Motor Corp.* (1982), Ind.App., 434 N.E.2d 943, 956, *trans. denied.* In the present case the evidence sought to be elicited by Peffley was irrelevant to the issues under consideration. Whether or not another party compensated the Swalls for the value of the vehicle did not affect the fact that the Swalls remained the rightful owners of the vehicle, or the fact that Peffley committed conversion in causing the Swalls' automobile to be sold. Therefore, we hold that the

---

**4.** Peffley cites to *Robb* in support of his claim of immunity. However in *Robb,* unlike the present case, the owner of the vehicle made no attempt to claim the vehicle for twenty-seven (27) days. Therefore, the vehicle remained un-

paid for over fifteen (15) days and was properly designated an abandoned vehicle subject to the provisions of I.C. 9–9–1.1–1 *et seq.,* including the immunity provision set out at I.C. 9–9–1.1–11.

trial court did not err in sustaining the Swalls' objection to Peffley's question relating to other compensation received by the Swalls for the vehicle.

### Issue Three

Finally, Peffley claims that the trial court erred in denying its Motion for Leave to File Counterclaim. Peffley's motion requested that Peffley be allowed to file a counterclaim against the Swalls "for the reason that documentation just received this past week from the Indiana Bureau of Motor Vehicles has revealed that plaintiffs' action against the defendant would be prejudiced if they were not permitted to file said counterclaim." Record at 26. Essentially, Peffley was requesting that it be allowed to pursue a claim of abuse of process against the Swalls.

■■■ Peffley sought to file its counterclaim on the day the trial commenced. Because Peffley's counterclaim was not included in Peffley's responsive pleading, it was untimely. *See* Ind.Trial Rule 13(A) and (B). Consideration of a belated counterclaim is committed to the sound discretion of the trial court. *Metropolitan Real Estate Corp. v. Frey* (1985), Ind.App., 480 N.E.2d 267, 271, *trans. denied,* citing I.C. Rule 13(F); *also see* 6 C. Wright & A. Miller *Federal Practice and Procedure* § 1430, at 155 (1971) (commenting on Fed. R.Civ.P. 13 which is identical to T.R. 13.) In the case at bar, Peffley did not argue that the information received from the BMV was unavailable prior to the commencement of the trial, nor did Peffley reveal what information was gained from the BMV, or how that information rendered the Swalls' complaint frivolous, unreasonable, or groundless. Therefore, the trial court did not abuse its discretion in denying Peffley's Motion for Leave to File Counterclaim.

■■ Furthermore, we note that no ruling will be considered grounds for reversal unless the ruling is inconsistent with substantial justice. *See* Ind.Trial Rule 61. Peffley claims it was prejudiced by the trial court's denial of Peffley's Motion for Leave to File Counterclaim because Peffley was unable to pursue its claim of abuse of process against the Swalls. Peffley is mistaken.

In its appellate brief Peffley claims that it was pursuing an abuse of process claim in accordance with Ind.Code § 34-1-32-1. This code section allows for the recovery of costs and attorney fees by the prevailing party where the opposing party litigated a claim in bad faith, or brought or continued to litigate an action or defense which was frivolous, unreasonable, or groundless. However, winning attorney fees and costs claimed under this section does not prevent a party from bringing a later, separate suit for abuse of process against the opposing party. I.C. 34-1-32-1(c). Even if Peffley were entitled to recover against the Swalls based on the provisions of I.C. 34-1-32-1, the trial court's denial of Peffley's Motion for Leave to File Counterclaim would not be lost by failure to pursue the action as a counterclaim. Therefore, Peffley has failed to demonstrate how he was prejudiced by the court's ruling on his motion.

Furthermore, as expressly stated in I.C. 34-1-32-1, only a *prevailing* party can recover under this section. It should go without saying that where a claim has been successfully proven at trial, such a claim by definition cannot be termed frivolous, unreasonable, or groundless. Therefore, because in the present case the Swalls were successful in proving that Peffley committed conversion in selling their automobile, the trial court's denial of Peffley's Motion for Leave to File Counterclaim did not prejudice Peffley in any way.

Affirmed.

BAKER, J., and SHIELDS, P.J., concur.