**Malcolm J. DOBSON and Darlene Dobson, Appellants–Plaintiffs,**

v.

**CITIZENS GAS AND COKE UTILITY and Prospect Auto Parts, Appellees–Defendants.**

No. 49A02–9310–CV–558.[1]

Court of Appeals of Indiana, First District.

May 31, 1994.

Timothy L. Bookwalter, Greencastle, for appellants.

Kenneth M. Wahnsiedler, Young & Associates, Indianapolis, for appellees.

BAKER, Judge.

We decide today what language in a release of all claims against one tortfeasor will release other tortfeasors as a matter of law.

Appellant-plaintiffs Darlene and Malcolm J. Dobson attack the entry of summary judgment in favor of appellee-defendant Citizens Gas and Coke Utility on the Dobsons' negligence action arising from an automobile accident.[2] Because the Dobsons' claims against defendant Prospect Auto Parts were settled, Prospect is not a party to this appeal.

### FACTS

On September 22, 1990, Malcolm was a passenger in a vehicle driven by Robert Reese, traveling west on Prospect Street in Indianapolis. Citizens' coal yard is located north of Prospect Ave. and east of Pleasant Run Drive. As Reese neared this intersection, he hit an unidentified object in the road which caused the car to spin out of control and hit a telephone pole. Malcolm was severely injured.

The next day, Malcolm's wife Darlene visited the salvage yard where Malcolm's car was taken and discovered pieces of coal lodged in the car tires and along the bottom of the car. Darlene then drove by the accident scene where she saw a path of coal in the road leading from Citizens' entrance.

The Dobsons submitted a claim to Reese's insurance carrier. On June 26, 1991, they settled with Reese's insurer and executed a release. It released Reese and "... all other persons, firms or corporations liable or who might be claimed to be liable." Record at 89. On January 17, 1992, the Dobsons filed suit against Citizens alleging it was negligent in causing the accumulation of coal and dirt on a public street adjacent to its business. Citizens moved for summary judgment contending that 1) the Dobsons failed to show that Citizens breached any duty owed to them, and 2) the release barred their claims against Citizens.

### DISCUSSION AND DECISION

When reviewing an appeal from a summary judgment, we apply the same standard as the trial court. *Tucher v. Brothers Auto Salvage Yard* (1991), Ind.App., 564 N.E.2d 560, 562. Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and affidavits establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* We will affirm the trial court's decision if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Millikan v. U.S. Fidelity and Guar. Co.* (1993), Ind.App., 619 N.E.2d 948, 950, *trans. denied.* We acknowledge that summary judgment is rare in negligence actions. *Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873.

In its motion for summary judgment, Citizens argued that the Dobsons' release in favor of Reese barred their claims against Citizens. Both parties acknowledge that *Huffman v. Monroe County Com. School Corp.* (1992), Ind., 588 N.E.2d 1264, 1266–67, abrogated the common law rule that a release of one joint tortfeasor operated as an automatic release of all tortfeasors.[3] *Huffman* holds that a release should be interpreted according to the standard rules of contract law with the parties' intentions regarding the purpose of the document governing.

---

2. Darlene's claim was based upon loss of consortium of Malcolm due to the alleged negligence.

3. Although the parties do not question the applicability of *Huffman* to this case, we note that *Huffman* was decided on March 19, 1992, and stated it was to be applied prospectively in interpreting releases. Here, the motions for and the order of summary judgment were made after March 1992. Thus, we apply *Huffman*.

*Id.* at 1267. A release executed in exchange for proper consideration works to release only those parties to the agreement unless it is clear from the document that others are to be released as well. *Id.*

If the language of an instrument is unambiguous, the intent of the parties is determined from its four corners. *Smith v. Hansen* (1991), Ind.App., 582 N.E.2d 446, 449, *trans. denied* (quotation omitted). A contract is ambiguous only if a reasonable person could find its terms susceptible to more than one interpretation. *Id.* A release is plain and unambiguous as to who the parties intended to release where its terms provide that all claims are given up against "all persons" in consequence of an accident. *Id.* Language which releases "all persons" does just that and is clear as long as no other terms are contradictory. Here, the Dobsons' release provided that it released and discharged:

> "Reese ... and all other persons, firms or corporations liable or who might be claimed to be liable ... on account of all injuries ... which have resulted ... from an automobile accident which occurred on or about September 22, 1990, Indianapolis, Indiana."

Record at 89. This language is clear and unambiguous and included Citizens, a corporation against whom the Dobsons were asserting a claim resulting from the September 22 accident. Nowhere in the release does the language indicate that it did not preclude claims against others. *See Huffman,* at 1267 (contradictory language as to who was released from liability precluded summary judgment). The trial court properly entered summary judgment because the release barred the Dobsons' claims against Citizens.

Because we may affirm the trial court's decision on any theory or basis found in the evidentiary matter designated to the trial court, we do not address the breach issue. *See Millikan,* at 950.

Judgment affirmed.

NAJAM and MILLER, JJ., concur.