**Anthony J. ARNOLD, M.D., Appellant–Defendant,**

v.

**Nancy A. BURTON, Appellee–Plaintiff.**

No. 41A01–9503–CV–97.

Court of Appeals of Indiana.

July 5, 1995.

Transfer Denied Nov. 15, 1995.

Kevin C. Murray, Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellant.

Robert E. Saint, Saint Thoms Whitney & Courter, Indianapolis, for appellee.

**OPINION**

ROBERTSON, Judge.

Anthony J. Arnold, M.D., appeals the denial of his motion for summary judgment in the malpractice lawsuit filed by Nancy A. Burton. Dr. Arnold presents the following issue:

> Whether a release which releases "all other persons" from liability for injury resulting from an incident releases a physician from liability for alleged malpractice in attempting to provide necessary care and treatment to a person harmed by the negligence of another?

We affirm.

When we review a grant or denial of summary judgment, we examine the facts favorable to the nonmovant and the reasonable inferences to be drawn therefrom. *Walters v. Rinker* (1988), Ind.App., 520 N.E.2d 468, 470, *trans. denied.* Summary judgment is appropriate only when no genuine issue of material fact exists and the nonmovant is entitled to judgment as a matter of law. *Follett v. Davis* (1994), Ind.App., 636 N.E.2d 1282, 1283, *trans. denied.*

The evidence reveals that Burton sustained an injury to her left arm when she fell at a Wal–Mart store on July 29, 1989. Dr. Arnold treated her injury. Burton eventual-

ly filed a complaint against Wal–Mart and asserted she had been injured due to the store's negligence when she had slipped on an unpopped kernel of popcorn. On December 1, 1992, Burton settled her lawsuit with Wal–Mart and signed a release which included the following language:

Burton does hereby remise, release, and forever discharge Wal–Mart Stores, Inc. and its officers, agents, employees, representatives, successors, assigns and all other persons, firms and corporations of and from any and all actions, causes of action, claims and demands for, upon, or by reason of any damage, loss, injury or suffering which heretofore has been, or which hereafter may be, sustained by Nancy A. Burton as a result of said incident.

On May 9, 1994, Burton filed a malpractice complaint against Dr. Arnold related to his treatment of her arm. Dr. Arnold moved for summary judgment. He claimed that the release in the Wal–Mart action released the action against him, as well. The trial court denied the motion, and Dr. Arnold appeals that denial.

Dr. Arnold claims that the language of the release in the Burton's negligence action against Wal–Mart also released her malpractice action against him. He claims he is one of "all other persons" subjected to a cause of action, claim, or demand by reason of damage, loss, or injury or suffering sustained by Burton as a result of the incident in the Wal–Mart store. He asserts that the language of the contract is unambiguous on the issue.

 A release executed in exchange for proper consideration works to release only those parties to the agreement unless it is clear from the document that others are to be released, as well. *Huffman v. Monroe County Community School Corporation* (1992), Ind., 588 N.E.2d 1264, 1267. A release, as with any contract, should be interpreted according to the standard rules of contract law, with the intention of the parties regarding the purposes of the document governing. *Id.*

In addition to the language Dr. Arnold relies upon, the release in question states:

AND, FURTHERMORE, as a part of the consideration for the aforesaid payment the undersigned Nancy A. Burton agrees to immediately dismiss with prejudice, costs paid, Cause No. IP 91–966–C pending in the United States District Court, Southern District of Indiana, Indianapolis Division Court entitled "*Nancy A. Burton and Lucian Burton v. Wal–Mart Stores, Inc.*", all of the claims and demands alleged and set forth in said cause having been fully paid, satisfied and discharged by said consideration.

\* \* \* \* \* \*

AND, FURTHERMORE, the aforesaid payment and settlement is expressly limited and restricted to the aforesaid pending action brought by Nancy A. Burton and is not an admission of liability by Wal–Mart Stores, Inc. for the aforesaid incident and neither the existence nor contents of such settlement may be used under any circumstances or for any reason by any party or person in any other judicial proceeding arising out of the aforesaid incident.

 Language which releases "all persons" does just that and is clear as long as no other terms are contradictory. *Dobson v. Citizens Gas and Coke Utility* (1994), Ind. App., 634 N.E.2d 1343, 1345. Here, the release purports to release "all other persons ... from any and all ... claims ... sustained ... as a result of said incident" but also states that the "settlement is expressly limited and restricted ... [to the action in federal court] ... and neither the existence nor contents ... may be used under any circumstances or for any reason by any ... person in any other judicial proceeding arising out of the aforesaid incident."

The language of the release does not uncontradictedly establish that the parties intended "all other persons" be released from liability. The intent expressed in the latter portion of the document shows that Burton and Wal–Mart intended to limit the release to the pending federal action, to which only Wal–Mart was a party. Dr. Arnold now proposes to use the existence and contents of the settlement, of which the release is a part, in another judicial proceeding arising out of the incident. By the terms of the release,

Burton and Wal–Mart intended to exclude such use and, accordingly, intended to exclude persons who could use the release in such a manner from the operation of the release.

 Under the rules of contract construction, the provisions of a contract are to be construed together and specific terms control over general terms. *Fowler v. Campbell* (1993), Ind.App., 612 N.E.2d 596, 600. Where the parties have agreed to a specific term, an apparently inconsistent general statement must yield to the more specific term. *Id.* at 600–601. The specific nature of the words, which limit the release to the federal action and to curb the classification of persons who fall within the scope of the release, must govern the more general nature of the words which attempt to include "all other persons" within the reach of the release. Therefore, the release does not extend to the claim against Dr. Arnold.

Dr. Arnold has not established that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Inasmuch as the trial court appropriately denied summary judgment on the release issue, we need not address the other issues presented on appeal.

Judgment affirmed.

BAKER and FRIEDLANDER, JJ., concur.