Wilson S. STEMM a/k/a W.S. Stemm, Appellant–Defendant,

v.

ESTATE OF John B. DUNLAP, Jr., Appellee–Plaintiff.

No. 22A05–9906–CV–246.

Court of Appeals of Indiana.

Oct. 20, 1999.

Rehearing Denied Dec. 17, 1999.

---

R.D. Zink, Henderson, Daily, Withrow & DeVoe, Indianapolis, Indiana, Attorney for Appellant.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Wilson Stemm appeals three of the trial court's orders in John Dunlap's negligence action against Stemm.[1]

We affirm in part and reverse in part.

### ISSUES

I. Whether the trial court erred in granting Dunlap's October 23, 1998, motion to set aside its grant of summary judgment in favor of Stemm.

II. Whether the trial court erred in denying Stemm's motion to strike Dunlap's untimely response to Stemm's summary judgment motion.

III. Whether the trial court erred in denying Stemm's summary judgment motion.

### FACTS

On February 16, 1995, drivers Arnold Rivera and Wilson Stemm were involved in an automobile collision. John Dunlap was a passenger in Rivera's vehicle. On June 28, 1996, Dunlap entered into a settlement agreement and signed a release wherein he released Rivera "and all other persons and organizations who are or who might be liable, from all claims for all damages which [he] sustained as the result of an accident which occurred on or about February 16, 1995. . . ." (R. 53).

On February 18, 1997, Dunlap filed a negligence action against Stemm. On May 18, 1998, Stemm filed a summary judgment motion wherein he argued as follows: "By executing a release for valid consideration, John B. Dunlap, Jr. released any action against any person and the execution of the release bars the existing claim against Wilson S. Stemm." (R. 21–22).

On June 18, 1998, Dunlap filed a motion for a 60–day extension in which to respond to Stemm's summary judgment motion

which the trial court granted. On August 13, 1998, Dunlap requested an additional 60–day extension in which to respond to the motion. The trial court granted Dunlap's motion and gave him until October 12, 1998, to respond to Stemm's motion. A summary judgment hearing had previously been scheduled for October 14, 1998.

Dunlap failed to file a response to Stemm's summary judgment motion by October 12, and he failed to appear at the October 14 summary judgment hearing. The trial court held the hearing and heard Stemm's arguments. On October 19, 1998, the trial court issued an order granting Stemm's summary judgment motion. Four days later, on October 23, 1998, Dunlap filed a motion to set aside the grant of summary judgment in favor of Stemm wherein Dunlap's counsel explained that he had been handling cases for Dunlap's previous attorney because that attorney was appointed as the interim county prosecutor. According to Dunlap's counsel, he "had obtained a couple of extensions of time to respond to the Motion for Summary Judgment, based on getting up to speed on this case, preparing to negotiate this matter and also when the Plaintiff died." (R. 40). Counsel further explained that he had not received notice of the hearing date, and he asked the court to accept his untimely filed response to Stemm's summary judgment motion. In this response, Dunlap argued that the "release signed in consideration for payment from Rivera's insurance carrier [did] not release Stemm." (R. 52).

The trial court granted Dunlap's motion to set aside the grant of summary judgment in favor of Stemm and scheduled another hearing for Stemm's motion. Stemm responded with a motion wherein he objected to the trial court's grant of Dunlap's motion to set aside the grant of summary judgment and asked the court to strike Dunlap's untimely response to his summary judgment motion. The trial

---

1. Dunlap died during the course of litigation. His estate has been substituted as a party.

court denied Stemm's motion, and held a summary judgment hearing on March 31, 1999. On April 8, 1999, the trial court issued an order denying Stemm's summary judgment motion. On May 5, 1999, the trial court certified its ruling for interlocutory appeal.

## DECISION

### I. Trial Court's Grant of Dunlap's October 23, 1998, Motion

Stemm first argues that the trial court erred in granting Dunlap's October 23, 1998, motion to set aside its grant of summary judgment in favor of Stemm. We disagree.

Though not so titled, Dunlap's motion to set aside the grant of summary judgment in favor of Stemm is akin to an Ind. Trial Rule 60(B) motion. T.R. 60(B) provides in pertinent part as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment . . . for the following reasons:
>
> > (1) Mistake, surprise or excusable neglect. . . .
> >
> > (8) The motion shall be filed . . . not more than one year after the judgment, order or proceeding was entered or taken for reasons (1). . . .

■ We employ an abuse of discretion standard when reviewing the grant or denial of a T.R. 60(B) motion. *Professional Laminate & Millwork, Inc. v. B & R Enterprises*, 651 N.E.2d 1153, 1157 (Ind. Ct.App.1995). In reviewing the decision whether to grant relief under T.R. 60(B), we will not reweigh the evidence or substitute our judgment for that of the trial court. *Id.*

■ As to T.R. 60(B)(1), there are no fixed standards to determine the parameters of mistake, surprise or excusable neglect. *Id.* Rather, a trial court's decision as to excusable neglect must turn upon the unique factual background of each case.

*Security Bank & Trust Co. v. Citizens National Bank of Linton*, 533 N.E.2d 1245, 1247 (Ind.Ct.App.1989), *trans. denied.* No fixed rules or standards have been established as the circumstances of no two cases are alike. *Id.*

■ An abuse of discretion will not have occurred so long as there exists even slight evidence of excusable neglect. *Id.* The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Professional Laminate* at 1157.

■ Here, our review of the record reveals that on October 23, 1998, four days after the trial court granted Stemm's summary judgment motion, Dunlap's counsel filed a motion to set aside the grant. In his motion, Dunlap's counsel explained that he was handling cases for Dunlap's previous attorney who had been appointed as the interim county prosecutor. Dunlap's counsel had also been "getting up to speed on this case, preparing to negotiate [it] . . . when [Dunlap] died." (R. 40). Counsel further explained that he had not received notice of the hearing date. In light of these circumstances, we cannot say that the trial court abused its discretion in granting Dunlap's motion to set aside its grant of summary judgment in favor of Stemm.

### II. Trial Court's Denial of Stemm's Motion to Strike

Stemm next argues that the trial court erred in denying his motion to strike Dunlap's untimely response to Stemm's summary judgment motion. Stemm appears to believe that the trial court has no discretion to accept untimely filed documents. He is mistaken. *See Peffley & Henshaw Wrecker Service v. Swalls*, 554 N.E.2d 1169, 1172 (Ind.Ct.App.1990)("Consideration of a belated counterclaim is committed to the sound discretion of the trial court.").

III. *Trial Court's Denial of Stemm's Summary Judgment Motion*

Lastly, Stemm argues that the trial court erred in denying his summary judgment motion. Specifically, he contends that the release signed by Dunlap released any action against any person and therefore bars Dunlap's claim against Stemm. We agree.

When reviewing the denial of a motion for summary judgment, we apply the same standard as the trial court. *Tippecanoe Valley School Corporation v. Landis,* 698 N.E.2d 1218, 1220 (Ind.Ct.App.1998), *trans. denied.* Summary judgment should be granted only when the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Id.* We will reverse the trial court if it is determined that it misapplied the law. *Id.*

In *Huffman v. Monroe County Community School Corporation,* 588 N.E.2d 1264, 1266–67 (Ind.1992), our supreme court abrogated the common law rule that a release of one joint tortfeasor operated as an automatic release of all tortfeasors and held that a release should henceforth be interpreted according to the standard rules of contract law with the parties' intentions regarding the purpose of the document governing. A release executed in exchange for proper consideration works to release only those parties to the agreement unless it is clear from the document that others are to be released as well. *Id.*

If the language of the instrument is unambiguous, the intent of the parties is determined from its four corners. *Dobson v. Citizens Gas and Coke Utility,* 634 N.E.2d 1343, 1345 (Ind.Ct. App.1994). A contract is ambiguous only if a reasonable person could find its terms susceptible to more than one interpretation. *Id.* A release is plain and unambiguous as to who the parties intended to release where its terms provide that "all claims" are given up against "all persons" in consequence of an accident. *Id.* Language which releases "all persons" does just that and is clear as long as no other terms are contradictory. *Id.*

In the *Dobson* case, Dobson was a passenger in a car driven by Robert Reese. As the car neared the Citizens' coal yard, Reese hit an unidentified object in the road which caused the car to spin out of control and hit a telephone pole. The following day, Dobson's wife visited the salvage yard where the car had been taken and discovered pieces of coal lodged in the car's tires and along the bottom of the car. She then drove by the scene of the accident and saw a path of coal in the street leading to the entrance of the coal yard.

The Dobsons subsequently settled a claim with Reese's insurer and executed a release which released:

> 'Reese ... and all other person, firms or corporations liable or who might be claimed to be liable ... on account of all injuries ... which have resulted ... from an automobile accident which occurred on or about September 22, 1990, Indianapolis, Indiana.'

*Id.* (quoting R. 89).

Thereafter, the Dobsons filed an action against Citizens alleging that it was negligent in causing the accumulation of coal on a public street adjacent to its business. Citizens filed a summary judgment motion wherein it contended that the release which the Dobsons signed barred the Dobsons' claims against Citizens. The trial court granted Citizens' motion and the Dobsons appealed.

This court found that the language in the release was clear and unambiguous and included Citizens, a corporation against whom the Dobsons were asserting a claim resulting from the September 22 accident. We further found that "[n]o-

where in the release [did] the language indicate that it did not preclude claims against others." *Id. See Huffman,* at 1267 (contradictory language as to who was released from liability precluded summary judgment). We therefore affirmed the trial court's grant of summary judgment in favor of Citizens.

The facts before us are analogous to those in *Dobson.* Here, Dunlap executed a release which provides in pertinent part as follows:

I fully and forever release and discharge Arnold Ray Rivera[,] [his] heirs, administrators, executors, successors and assigns, *and all other persons and organizations who are or might be liable, from all claims for all damages which I sustained* as the result of an accident which occurred on or about February 16, 1995, at Grantline Rd. and Alumni Dr., New Albany, Floyd County[,] Indiana.

By executing this release, I intend and agree that *this release applies to all of my claims arising from said accident,* present and future, including, but not limited to, damage to or destruction of property; claims for known or unknown injuries, developments, consequences and permanency of those injuries; and *there is no misunderstanding in this regard.*

(R. 53)(Emphasis added).

Here, as in *Dobson,* the language of the release is clear and unambiguous. Specifically, the language of the release includes Stemm, a person against whom Dunlap is asserting a claim resulting from the February 16 accident. In addition, here, as in *Dobson,* nowhere in the release does the language indicate that it did not preclude claims against others. Because the release barred Dunlap's claims against Stemm, the trial court erred in denying Stemm's summary judgment motion.

## CONCLUSION

We affirm the trial court's 1) grant of Dunlap's October 23, 1998, motion to set aside its grant of summary judgment in favor of Stemm; and 2) denial of Stemm's motion to strike Dunlap's untimely response to Stemm's summary judgment motion. However, we reverse the trial court's denial of Stemm's summary judgment motion.

KIRSCH, J., and BROOK, J., concur.