822 N.E.2d 292 (2005)
In the Matter of the ESTATE OF Pearl WILSON, Deceased,
Alice W. Thomas, Appellant,
v.
Indiana Department of State Revenue, Inheritance Tax Division, Appellee.
No. 49T10-0404-TA-19.
Tax Court of Indiana.
February 2, 2005.
As Corrected April 8, 2005.
*293 James C. Tucker, Tucker and Tucker, PC, Paoli, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.
FISHER, J.
Alice W. Thomas (Thomas) appeals the Orange County Circuit Court's (probate court) March 2004 judgment redetermining the Indiana inheritance tax liability of her mother's Estate. The issue before this Court is whether the probate court erred in so doing.

FACTS AND PROCEDURAL HISTORY
On September 17, 2001, Pearl Wilson (Wilson) conveyed approximately 397 acres of land to Thomas, her only surviving child. Wilson died twenty days later, on October 7, 2001, at the age of 87. On January 28, 2002, an independent appraiser valued the property conveyed by Wilson to Thomas (as of the date of Wilson's death) at $637,000.
On March 28, 2002, Thomas filed an Indiana Inheritance Tax Return Form IH-6 for the Estate, reporting that no taxes were due.[1] The county inheritance tax *294 appraiser reviewed the return, pursuant to Indiana Code § 6-4.1-5-2, and then forwarded it to the probate court. On June 6, 2002, the probate court entered its "Order Determining Inheritance Tax Due" in the amount of $0.00.
The Department received notice of the probate court's order on October 16, 2002. On November 12, 2002, the Department filed both a motion to set aside the probate court's order, pursuant to Indiana Trial Rule 60(B), and a "Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax" (Petition). In the Petition, the Department alleged that the value of the property transfer from Wilson to Thomas, in the amount of $637,000, should have been included in the taxable Estate because the presumption that the transfer was made in contemplation of death had not been rebutted.[2] Consequently, the Department claimed that the Estate owed at least $22,692.28 in inheritance taxes. On March 24, 2003, following a hearing, the probate court issued an order in which it determined that the Estate owed inheritance tax in the amount of $22,692.28, plus interest.
On April 19, 2004, the Estate filed its notice of appeal. This Court heard the parties' oral arguments on December 13, 2004. Additional facts will be supplied as necessary.

STANDARD OF REVIEW
The Indiana Tax Court acts as a true appellate tribunal when it reviews a probate court's final determination concerning the amount of Indiana inheritance tax due. Ind.Code Ann. § 6-4.1-7-7 (West 2005); Indiana Dep't of State Revenue v. Estate of Puschel, 582 N.E.2d 923, 924 (Ind. Tax Ct.1991). Consequently, on appeal, this Court will not reweigh the evidence nor judge the credibility of witnesses, but will affirm the probate court's judgment upon any legal theory supported by evidence introduced at trial. Estate of Hibbs v. Indiana Dep't of State Revenue, 636 N.E.2d 204, 206 (Ind. Tax Ct.1994).

DISCUSSION
The sole issue in this case is whether the probate court erred in redetermining the Estate's inheritance tax liability. Thomas argues that, pursuant to Indiana Code § 6-4.1-7-1, the Department's Petition was untimely filed. She claims that the probate court therefore lacked subject matter jurisdiction to redetermine the Estate's inheritance tax liability and, as a result, the probate court's original order of June 6, 2002  which held that the Estate's inheritance tax liability was zero  must be reinstated. The Department, on the other hand, argues that its Petition was timely filed. In the alternative, the Department *295 argues that given the circumstances of the case, it was "excused" from timely filing its Petition.

1. Was the Department's Petition Timely Filed?
"`The determination and collection of Indiana inheritance tax are governed entirely by statute. The rights and obligations of the [D]epartment ... and the taxpayer, and the jurisdiction and powers of the probate court are defined therein.'" Indiana Dep't of Revenue v. Estate of Binhack, 426 N.E.2d 714, 716 (Ind.Ct.App.1981) (quoting Matter of Estate of Compton, 406 N.E.2d 365, 368 (Ind.Ct.App.1980)). The rights and obligations of a party seeking a redetermination of inheritance tax liability are set forth in Indiana Code § 6-4.1-7-1, which provides:
A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within one hundred twenty (120) days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear.
IND.CODE ANN. § 6-4.1-7-1 (West 2005) (emphasis added).
Given the language of this statute, Thomas argues that it is unambiguously clear that the Department had 120 days from June 6, 2002 (i.e., the date of the probate court's order determining the Estate's inheritance tax liability) to file its petition. Accordingly, she explains that the Department had until October 4, 2002, to file its petition; nevertheless, "159 days passed between the inheritance tax determination by the probate court and the filing of the [Department's] Petition[.]" (Appellant's Br. at 6.)
The Department argues, however, that the 120-day period did not begin to run until the Department actually received notice of the probate court's determination. Thus, "the 120 day period did not begin until the Department received the IH-[6] on October 16, 2002. Therefore, the Department's Petition [ ], filed on November [1]2, 2002, was timely." (Appellee's Br. at 5-6.) The Department, however, is incorrect.
"When the language of a statute is plain and unambiguous, the court has no power to construe the statute for the purpose of limiting or extending its operation." F.A. Wilhelm Constr. Co. v. Indiana Dep't of State Revenue, 586 N.E.2d 953, 955 (Ind. Tax Ct.1992) (citation omitted). The Department wants the Court to read Indiana Code § 6-4.1-7-1 as saying "[t]o obtain the rehearing, the person must file a petition for rehearing with the probate court within one hundred twenty (120) days after it receives notice from the probate court that a determination has been made." Those words, however, are not in the statute and this Court will not put them there.[3] Consequently, the Department's Petition, pursuant to Indiana Code § 6-4.1-7-1, was not timely filed.

2. Was the Department "excused" from timely filing its Petition?
As Thomas properly states, the rule of law provides that if the Department's Petition was untimely, the probate court was deprived of its jurisdiction to redetermine the Estate's inheritance tax liability. See Estate of Binhack, 426 N.E.2d at 717. Nevertheless, the Department *296 argues that given the circumstances of this particular case, it was "excused" from timely filing its Petition.
More specifically, the Department asserts that despite the fact that both the county inheritance tax appraiser and the probate court were required by statute to notify the Department of their respective actions, the Department did not receive notice until October 16, 2002, well after the 120-day period had lapsed. Given that it was precluded at that time, through no fault of its own, from timely appealing the probate court's determination, the Department explains that it immediately filed its motion to set aside the probate court's determination on the basis of "surprise," pursuant to Indiana Trial Rule 60(B).
Indiana Trial Rule 60(B) provides that a party may move to have a judgment set aside for the reasons of "mistake, surprise, or excusable neglect." Ind. Trial Rule 60(B)(1). As to this rule, there are no fixed standards to determine the parameters of mistake, surprise or excusable neglect. Stemm v. Estate of Dunlap, 717 N.E.2d 971, 974 (Ind.Ct.App.1999) (internal citation omitted). Rather, a court's decision to set aside a judgment on any of these grounds turns upon the unique factual background of the particular case. See id."Courts must balance the need for efficient administration of justice with the preference for deciding cases on their merits and giving a party its day in court." Flying J, Inc. v. Jeter, 720 N.E.2d 1247, 1249 (Ind.Ct.App.1999) (internal citation omitted).
In turn, because the decision to grant or deny a motion to set aside a judgment under Trial Rule 60(B) is within a court's equitable discretion, this Court will only reverse that decision if the lower court abused its discretion. See Stemm, 717 N.E.2d at 974. An abuse of discretion will not have occurred so long as there exists even the slightest evidence of mistake, surprise, or excusable neglect. See id.
Pursuant to Indiana Code § 6-4.1-5-6, once the county inheritance tax appraiser reviewed the Estate's inheritance tax return and prepared an appraisal report thereon, a copy of that report was to be served upon the Department. Ind.Code Ann. § 6-4.1-5-6 (West 2005). This was not done. (See Appellant's App. at 25.) Similarly, under Indiana Code § 6-4.1-5-11, the probate court was to "immediately" mail a copy of its June 6, 2002 determination to the Department. Ind.Code Ann. § 6-4.1-5-11 (West Supp.2004-2005). It did not. (See Appellant's App. at 27 (probate court's June 6th order, with no distribution list); cf. with Appellant's App. at 3 (probate court's March 24th redetermination, with distribution list).)
The Department supervises the enforcement and collection of Indiana's inheritance taxes. Ind.Code Ann. § 6-4.1-12-6 (West 2005). To that end, a probate court's determination regarding inheritance tax liability is merely "a provisional estimate." Ind.Code Ann. § 6-4.1-7-6(a) (West 2005). Indeed, the determination does not become final until the Department has either accepted the estimate or been given the opportunity to challenge the estimate. See id.; A.I.C. § 6-4.1-7-1
In this case, the Department was never put on notice that the Estate was being processed, let alone that it could anticipate a determination thereon which it could subsequently challenge. Thus, there is enough evidence to find that the Department was no doubt surprised in the first instance when it received notice that the Estate had been processed, and again in realizing that the period in which it could challenge the probate court's determination had already lapsed.
Generally, with a Trial Rule 60(B) motion, the claimant must not only *297 show mistake, surprise, or excusable neglect, but must also make a prima facie showing that a different result would be reached if the case were tried on the merits. T.R. 60(B). See also Moore v. Terre Haute First Nat'l Bank, 582 N.E.2d 474, 476-77 (Ind.Ct.App.1991). Nevertheless, if the judgment is void ab initio, a Trial Rule 60(B) claimant need not show a meritorious claim or defense. Moore, 582 N.E.2d at 477.
The Indiana Court of Appeals has held that a default judgment against a party is void ab initio if that party was entitled to notice but never received it due to faulty process. See id. at 478. An analogous situation exists here: in order for the Department to either accept or challenge the probate court's provisional estimate of inheritance tax liability, the Department was entitled to receive timely notice thereof. See A.I.C. § 6-4.1-5-6; § 6-4.1-5-11. Through no fault of its own, the Department did not receive any notice until after the 120-day period had already expired. Consequently, the probate court's June 6th order, not having been properly served upon the Department, was void ab initio. Accordingly, the probate court did not abuse its discretion when it redetermined the Estate's inheritance tax liability on the basis of the Department's allegation of surprise.[4]

CONCLUSION
For the foregoing reasons, this Court finds that the probate court did not err in redetermining the inheritance tax liability of the Estate. Accordingly, the judgment of the probate court is AFFIRMED.
NOTES
[1] In computing the zero liability, Thomas reported that, at the time of Wilson's death, her total taxable estate was worth $20,371.36. (Appellant's App. at 4.) Because the entire Estate was transferred to Thomas (a Class A transferee), the first $100,000 of the transferred property interest was exempt. See Ind.Code Ann. § 6-4.1-3-10 (West 2005). See also Ind.Code Ann. § 6-4.1-1-3 (West Supp.2004-2005) (defining classes of transferees).
[2] Indiana Code § 6-4.1-2-4 provides that Indiana's inheritance tax applies to, inter alia,"transfers which are made in contemplation of the transferor's death." Ind.Code Ann. § 6-4.1-2-4(a)(2) (West 2005). "A transfer is presumed to have made in contemplation of the transferor's death if it is made within one (1) year before the transferor's date of death. However, the presumption is rebuttable." A.I.C. § 6-4.1-2-4(b). The purpose of this provision is to "catch," and subject to taxation, those transfers of property which were made with a testamentary motive (i.e., distribution in anticipation of death and/or for the purpose of avoiding death taxes). See Indiana Dep't of State Revenue v. Estate of Baldwin, 652 N.E.2d 124, 126 (Ind. Tax Ct.1995).
[3] That is a function proper for the legislature only.
[4] In any event, the Department demonstrated that it had a meritorious claim when it prevailed on rehearing. (See Appellant's App. at 3, 104-18.)