INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, STATE OF INDIANA *v.* KITCHIN, ADMR.

[No. 17,849. Filed May 24, 1949. Rehearing denied June 29, 1949. Transfer denied October 27, 1949.]

*J. Emmett McManamon,* Attorney General, *Eugene M. Fife, Jr., John J. McShane, Lloyd C. Hutchinson,* and *Edward L. Hamilton,* Deputy Attorneys General, for appellant.

*William L. Woodfill, Hugh D. Wickens,* and *Hubert E. Wickens,* all of Greensburg, for appellee.

DRAPER, J.—The appellee Kitchin was appointed administrator with the will annexed, of the estate of one

Douglas. Shortly after his appointment as such administrator by the Circuit Court of Decatur County, a suit was instituted in that court against him as such administrator, and against several others who had been favored by the will, by which suit several of the testator's relatives who had not been generously provided for, sought to invalidate the will and to revoke the probate thereof on the ground that the testator was of unsound mind, and that the will was unduly executed. No other issues were therein presented and no other relief was sought.

That litigation was venued to the Bartholomew Circuit Court, and it was there adjudged in that case that the testator was of sound mind and the will was valid. The judgment of the court further recites:

> "That the plaintiffs, . . . have and recover of and from the defendant, Hal T. Kitchin, Administrator with the will annexed, the sum of Thirteen Thousand ($13,000.00) Dollars, the same ordered paid within 15 days from this date, and to be as expenses incurred in sustaining said last will and codicil and to be in full and complete settlement of all the interests of the said plaintiffs in and to the real and personal estate of the said Albert V. Douglas, deceased, and of any and all claims held by said parties, or either of them, against the said estate, . . . Judgment is now rendered accordingly and upon the said agreement."

The administrator promptly discharged the judgment by the payment of $13,000 to the Clerk of the Bartholomew Circuit Court, who in turn paid it to the attorney of record for the plaintiff-contestors the same day. Thereafter such proceedings were had for the determination of inheritance taxes as that an order was entered whereby the Circuit Court of Decatur County determined the value of the estate and allowed a deduction of $13,000 on account of the payment of said

judgment, and the tax was determined on the basis of that deduction.

Thereafter, on the appellant's petition for a rehearing and redetermination of the tax pursuant to § 6-2411, Burns' 1933, the court determined the tax as before. The appellant here challenges the correctness of that judgment.

The record shows to our satisfaction that the case in the Bartholomew Circuit Court was one to contest the will of the testator and nothing more. It was obviously terminated by an agreement to compromise. By the terms of the agreement the validity of the will was to be established, and the sum of $13,000 was to be paid to the contestors. The judgment so provided. There is nothing to indicate that the sum of $13,000 reflected debts of the testator which constituted lawful claims against his estate, or that it reflected expenses of the administrator, and there is no claim here that such was actually the case.

Our tax is upon the transfer of property by will, by intestate laws or in contemplation of death. The tax is based upon the value of the property *so trans-ferred.* When the compromise of a suit to contest a will results in the establishment of the will, the entire estate passes under the will. The transfer is, therefore, by will and it is taxable, Burns' 1933, § 6-2401, et seq. The contestors did not take as legatees. The amounts received by them were received by virtue of contracts among living persons. The contestors took as assignees of those to whom the property was transferred according to the terms of the will. The authorities on the question are not in harmony, but under our statute we have no doubt of the correctness of the above conclusions. See *Cochran's Executor and Trustee,*

*et al.* v. *Com.* (1931), 241 Ky. 656, 44 S. W. 2d 603, 78 A. L. R. 710, Anno. at p. 716.

The judgment in the Bartholomew Circuit Court was not binding upon the Decatur Circuit Court in the inheritance tax proceeding. The case in the Bartholomew Circuit Court was a will contest. That court was not called upon to determine tax matters, nor did it have any right to do so. That duty rested on the Decatur Circuit Court. Moreover, the appellant was not a party to the proceeding in the Bartholomew Circuit Court. The court charged with the duty of determining the tax should inquire into the essential nature of a transaction culminating in an agreed judgment in another court and find the tax liability accordingly.

We think it is apparent on the face of the judgment rendered by the Bartholomew Circuit Court that the $13,000 reflected an amount to be received by the contestors in compromise settlement of their suit to contest the will, and that it did not reflect an allowable deduction under Burns' 1933, § 6-2404. The judgment must, therefore, be reversed, and the cause remanded for further proceedings.

So ordered.

NOTE.—Reported in 86 N. E. 2d 96.