IN THE MATTER OF: THE ESTATE OF JAMES CRAWFORD McCOY,
DECEASED

No. 7730SC1053

(Filed 5 December 1978)

**Executors and Administrators § 30; Taxation § 27— holding corporation dissolved—assets in hands of receiver—estate taxes—contribution from receiver**

Where a consent judgment was entered into by all the parties and all the heirs of decedent which provided for the appointment of a receiver of the assets of a holding corporation, the stock of which decedent's heirs had claimed he owned at the time of his death, and, according to the consent judgment the corporation was to be dissolved and the assets distributed to the heirs according to fixed percentages which differed from the shares the heirs would be entitled to receive under the Intestate Succession Act, the trial court properly determined that the consent judgment did not address itself to the issue of tax liability of the parties and therefore did not preclude the administrator from seeking contribution from the receiver to pay estate taxes assessed against the estate; the administrator was entitled to receive sufficient funds from the receiver to pay the taxes assessed against the estate which were attributable to the inclusion of the corporate assets in the taxable estate; the parties should be taxed according to the share each heir was entitled to under the N.C. Intestate Succession Act and not according to the share each heir received under the consent judgment since the judgment did not address the issue of apportionment of estate tax liability; and the receiver should pay the taxes and those appellants claiming that they were owners of all or part of the assets of the corporation at the time of decedent's death should sue for a refund.

APPEAL by defendants from *Thornburg, Judge.* Judgment entered 11 July 1977 in Superior Court, MACON County. Heard in the Court of Appeals 26 September 1978.

On 7 January 1973, James Crawford McCoy died intestate and on 2 April 1973, the appellant Jack A. Crawford and the appellee R. S. Jones, Jr., were duly appointed as co-administrators of the Estate of James Crawford McCoy.

On 21 January 1974, the heirs of James Crawford McCoy filed a petition for interpleader and declaratory relief to establish the ownership of the Ada McCoy Holding Corporation. The heirs claimed that James Crawford McCoy owned all the corporate stock at his death and that, therefore, the stock should be distributed by intestate succession. Jack A. Crawford and Pauline Van Hook, appellants, contended that McCoy had given them through various gifts and transfers, and that they owned all of the corporate stock since March, 1968.

Jack A. Crawford was removed as co-administrator of the Estate in 1974. On 13 December 1974, R. S. Jones, Jr. filed an answer and counterclaim requesting that the appellants release all corporate stock and assets to the administrator. On 1 April 1975, two orders were entered which realigned R. S. Jones, Jr., Administrator of the Estate of James Crawford McCoy, as party plaintiff in the action, and aligned the Ada McCoy Holding Corporation as a party defendant.

On 10 December 1975, a Consent Judgment was entered into by all the parties and all the heirs of James Crawford McCoy. This Consent Judgment provided for the appointment of a receiver of the assets of the corporation. The corporation was to be dissolved and the assets distributed to the heirs according to fixed percentages which differed from the shares the heirs would be entitled to receive under the North Carolina Intestate Succession Act.

On 20 June 1977 the Administrator of the Estate of James Crawford McCoy petitioned the court to direct the receiver of the Ada McCoy Holding Corporation to pay 70.87% of the death taxes levied upon the Estate, together with all interest and late penalties. On 11 July 1977, the court ordered the Receiver of the Corporation to pay 70.87% of the taxes assessed against the Estate. The court found that the total tax assessed against the

Estate amounted to $256,101.20. Judge Thornburg, who also entered the Consent Judgment order, held that the Consent Judgment did not address itself to the payment of death taxes which might be assessed against the Estate, and was therefore not binding on that issue. The court further noted that the appellants should file sworn affidavits with the Administrator to justify a claim for refund of death taxes based upon the theory that they were the owners of all or a part of the assets of the Ada McCoy Holding Corporation at the time of James Crawford McCoy's death.

From this order, appellants appeal.

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis by Albert L. Sneed, Jr. for respondent appellants.*

*Siler & Philo by Robert F. Siler and Steven E. Philo for petitioner appellees.*

CLARK, Judge.

The appellants first contend that the Consent Judgment resolved the question of whether or not the Administrator could recover funds from the Receiver to pay estate taxes assessed against the Estate. Appellants contend that, since the Administrator did not obtain the possession of or title to the corporate stock under the Consent Judgment, that the Administrator was barred from recovering any funds from the Receiver. We find no merit in appellants' contention. The Consent Judgment did not address itself to the issue of the tax liability of the parties. Therefore, the Consent Judgment does not preclude the Administrator from seeking contribution from the Receiver.

The appellants' second contention is that the payment of estate taxes is primarily a duty of the Administrator, and that the correct procedure for collecting taxes is for the Administrator to exhaust the funds in his possession, and then to recover the remainder from the assets in the hands of the distributees. *See,* I.R.C. §§ 2205 and 6324(a)(2); Treas. Reg. § 20-2002-1. These provisions apply only to those situations where the assets of the estate have already been distributed to the heirs. *See, First National Bank v. Wells,* 267 N.C. 276, 148 S.E. 2d 119 (1966). The purpose of the provision is to assure that "the tax shall be paid out of the

estate before its distribution," and that if it must be collected after distribution, "the final impact of the tax shall be the same as though it had first been taken out of the estate before distribution. . . ." 267 N.C. at 283-284, 148 S.E. 2d at 124. These statutory provisions are inapplicable here since the Receiver is not a distributee of the Estate. The Receiver is a fiduciary, appointed to dissolve the corporation and authorized to distribute the assets to the heirs in the proportions set out in the Consent Judgment. *See*, I.R.C. §§ 7701(a)(6), and 6901-03. In *Wachovia Bank & Trust Co. v. Maxwell, Comr.*, 221 N.C. 528, 20 S.E. 2d 840 (1942), proceeds of a life insurance policy were placed into a trust at the death of the insured. The wife, who was the sole owner and beneficiary of the policy, contended that the proceeds were not properly included in the Estate. It was held that the Administrator was entitled to recover funds from the trustee in order to pay the taxes assessed against the Estate as a result of the inclusion in the gross estate of the proceeds of the life insurance policy and that the beneficiary's remedy was to request that the trustee protest the payment of taxes and bring an action for a refund. The position of the Receiver in this case is analogous to the trustee in *Maxwell*. He is a fiduciary who is empowered to liquidate the corporate assets of the Ada McCoy Holding Corporation and to distribute its assets to the heirs of McCoy.

We hold that the Administrator is entitled to receive sufficient funds from the Receiver to pay the taxes assessed against the Estate of James Crawford McCoy which are attributable to the inclusion of the corporate assets in the taxable estate. *See*, I.R.C. § 6901-03.

Nor do we find merit in appellants' contention that the tax liability should not be assessed according to the shares each heir would receive under the North Carolina Intestate Succession Act, G.S. 29-1 *et seq.*, as ordered by Judge Thornburg. Under the Act, each heir was entitled to receive 12% of the estate. *See*, G.S. 29-15. The burden of paying taxes arose as a result of their being the heirs of James Crawford McCoy. In *Pulliam v. Thrash*, 245 N.C. 636, 97 S.E. 2d 253 (1957), the court held that tax liability must be assessed according to the shares that the devisees took under the will, and not according to the shares the parties received under a family settlement agreement, unless the agreement specifically provided otherwise. The same rule applies here.

The parties are to be taxed according to the share each heir is entitled to receive under the North Carolina Intestate Succession Act and not according to the share each heir received under the Consent Judgment. Since the Consent Judgment did not address the issue of apportionment of estate tax liability, it does not alter the tax liability of the parties. *See*, Note, Taxation—Effect of North Carolina Inheritance Tax on a Will Compromise Agreement, 36 N.C.L. Rev. 236 (1958). For a general discussion of the effect of a will compromise agreement on estate or inheritance taxes, see, Annot., 36 A.L.R. 2d 917 (1954).

Appellants' fourth contention is that Pauline Van Hook clearly owned 10 shares of stock by virtue of a judgment entered against the decedent in McDowell County in 1957, and that each of the directors was required to hold one share of stock in the Ada McCoy Holding Corporation, and that they therefore owned one share apiece prior to the death of McCoy. The order entered by Judge Thornburg, however, properly concluded that the Receiver must pay the taxes, and appellants' remedy is to sue for a refund. *See*, Wachovia Bank & Trust Co., *supra*. Judge Thornburg ordered the Administrator to sue for a refund of taxes if the appellants supplied him with sworn affidavits claiming prior ownership of stock in the Ada McCoy Holding Corporation. We find no merit in appellants' contention.

Affirmed.

Chief Judge BROCK and Judge MARTIN (Harry C.) concur.