INDIANA DEPARTMENT OF REVENUE, INHERITANCE TAX DIVISION, Appellant-Petitioner,

v.

ESTATE OF Anna M. BINHACK, Deceased, Appellee-Respondent.

No. 1–381A89.

Court of Appeals of Indiana, First District.

Oct. 15, 1981.

Linley E. Pearson, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant-petitioner.

Robert J. Fair, John Broadhead, Fair, Nixon & Stilwell, Princeton, for appellee-respondent.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Indiana Department of Revenue, Inheritance Tax Division, (State) appeals the trial court's determination of Indiana inheritance tax due upon settlement of the estate of Anna M. Binhack (Binhack's Estate). We reverse.

## STATEMENT OF THE FACTS

On September 4, 1977, Anna M. Binhack died testate naming her daughter, Betty Ann Binhack McCullough, as sole devisee and personal representative. Binhack's will was admitted to probate on September 8, 1977, and McCullough filed a Schedule of All Property for inheritance tax purposes on September 12, 1978. Four grandchildren of the testatrix, the children of a deceased son, commenced an action to contest the validity of the will. While the will contest was pending, a hearing was held on the inheritance tax appraiser's report, and a finding and order of tax due in the amount of $18,660.50 was entered on March 29, 1979. On February 4, 1980, the parties to the will contest executed a family settlement agreement which the court approved, and on February 8, 1980, McCullough filed an Amended Schedule of Property. The settlement agreement provided that the will contest action should be dismissed with prejudice, that the grandchildren of the testatrix should be adjudged owners of certain

real estate by virtue of inheritance, and that the estate should be reimbursed for the estate and inheritance taxes, penalties, and interest paid on the real estate. The court entered an amended order providing that the grandchildren take by virtue of inheritance, that the distribution be made in accordance with the will and the family settlement agreement, and determining the inheritance tax liability to be $13,956.84 based on the redistribution as provided for in the family settlement agreement.

### ISSUES

The State presents two issues for review:

I. Did the trial court lack jurisdiction to enter an amended order redetermining the inheritance tax in this cause?

II. Did the trial court err in redetermining the amount of inheritance tax liability based on the family settlement agreement?

### DISCUSSION AND DECISION

The State argues that the determination and collection of Indiana inheritance taxes are governed solely by statute and that, because the court failed to adhere to Ind. Code 6–4.1–7–1, the court was without jurisdiction to enter its February 8, 1980, order amending the amount of inheritance tax due. Binhack's Estate, on the other hand, contends that the trial court did not lack jurisdiction to enter its amended order approving the family settlement agreement and that the amount of Indiana inheritance tax due should be determined on the basis of the actual distribution of property rather than on the basis of the distribution that would have been made under the will. We find merit in parts of both arguments. Although we find that the trial court lacked jurisdiction to enter an order amending the amount of inheritance tax due more than ninety days after its March 29, 1979, determination under the will, we do not find that the trial court lacked jurisdiction either under the claim for refund statute or under the Probate Code to approve the family settlement agreement distributing the property in a manner different from that set out in the will. And while our equitable predilictions might be to determine the inheritance tax on the basis of the actual distribution effected by the final property settlement agreement rather than on the basis of the distribution provided for by the will, we find that, at least so long as the will has not been set aside as invalid, the legislature has provided otherwise.

Judge Neal, in writing for this court in *Matter of Estate of Compton*, (1980) Ind. App., 406 N.E.2d 365 at 368, stated clearly and unequivocally: "The determination and collection of Indiana inheritance tax are governed entirely by statute. The rights and obligations of the department of state revenue and the taxpayer, and the jurisdiction and powers of the probate court are defined therein." He then proceeded to discuss Indiana's statutory remedies for correcting errors in the determination of inheritance taxes. Although the statutes he cited were amended in 1976 (*Compton* involved a 1975 decedent), the substance of his discussion of those statutes is still pertinent to interpreting the current code sections under consideration here. The four statutory remedies provided by the current inheritance tax statutes are found at Ind. Code 6–4.1–7–1, 6–4.1–7–2, 6–4.1–7–6, and 6–4.1–10–1 (Burns Code Ed., Repl. 1978). In this case there have been no allegations or indications of reappraisals or of changes in the fair market value of the assets of the estate, thus we need not concern ourselves with the remedies provided therefor. The only remedies with which we need be concerned are those which relate to an overpayment of inheritance taxes based upon an alleged erroneous distribution of the inherited property. The remedies provided for this problem appear to be limited to those set out at IC 6–4.1–7–1 and IC 6–4.1–10–1.

Indiana Code 6–4.1–7–1 states:

"A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court

within ninety [90] days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear. [IC 6–4.1–7–1, as added by Acts 1976, P.L. 18, § 1, p. 69.]"

Clearly, this section provided Binhack's Estate with the right to petition the court for a redetermination of the inheritance tax which the court had originally assessed. The statute provides no limitation either on the reasons for the request for the redetermination or on the factors which the court might consider relating to the manner in which the tax is calculated. However, the petitioner must be diligent and file his request for redetermination within ninety days of the court's order. This court has reiterated the rule many times that the failure to comply with statutory time limits deprives the court of jurisdiction of the subject matter at issue. *See Matter of Estate of Compton, supra; In re Estate of Hibbeln*, (1973) 157 Ind.App. 422, 300 N.E.2d 384. The failure of Binhack's Estate to file its petition for redetermination of inheritance tax within ninety days after the court's initial order determining the inheritance tax due in this cause deprived the trial court of jurisdiction to render any relief provided by IC 6–4.1–7–1.

Nevertheless, IC 6–4.1–7–1 is not an exclusive remedy for the taxpayer who feels that inheritance taxes have been erroneously or illegally collected. Indiana Code 6–4.-1–10–1[1] provides that such taxpayer may file with the State a claim for refund of such taxes up to three years after the tax is paid. Therefore, in this case the court would not lack jurisdiction to determine an appeal from the State's denial of a claim for refund of excessive inheritance taxes already paid.

However, even if we were to construe the instant case to be an appeal from a redetermination of inheritance taxes under the refund statute and hence timely filed, we must agree with the State that the trial court erred in redetermining the amount of inheritance tax due based upon the family settlement agreement.

■ Binhack's Estate is correct in asserting that Indiana looks with favor upon such compromise agreements. *Eissler v. Hoppel*, (1902) 158 Ind. 82, 62 N.E. 692. Yet, this court has said that "[w]hen the compromise of a suit to contest a will results in the establishment of the will, the entire estate passes under the will. The transfer is, therefore, by will and it is taxable, . . ." *Indiana Dept. of State Revenue v. Kitchin*, (1949) 119 Ind.App. 422, 425, 86 N.E.2d 96, *trans. den.* The Court reasoned in *Kitchin* that the contestors did not take as legatees, but rather, by virtue of contracts among living persons, as assignees of those to whom the property was transferred by the terms of the will. Indiana follows the majority rule in this matter. *See* Annot., "Succession, estate, or inheritance tax as affected by compromise of the will contest," 36 A.L.R.2d 917 (1954).

In the instant case we are faced with a less clear-cut example than in the *Kitchin* case. Here the family settlement agreement and the court's order pursuant thereto contain conflicting provisions with respect to the validity of the will and method by which the grandchildren shall take the property in contest. On the one hand, the settlement agreement provided that the will contest has been dismissed with prejudice, that the grandchildren will reimburse the estate for inheritance taxes and penalties paid thereon, and the court decreed the

---

1. The applicable version of IC 6–4.1–10–1 is taken from Burns Code Ed., Repl. 1978:

   "A person may file with the department of state revenue a claim for the refund of inheritance tax which is erroneously or illegally collected. Except as provided in section 2[6–4.1–10–2] of this chapter, the person must file the claim within three [3] years after the tax is paid or within one [1] year after the tax is finally determined by the highest court hearing the matter, whichever is later. [IC 6–4.1–10–1, as added by Acts 1976, P.L. 18, § 1, p. 69.]"

   For the current version of this statute, see Burns Code Ed., Repl. 1978, Supp. 1980.

distribution to be made both according to the will and the agreement. On the other hand, the agreement and the court state that the grandchildren are to be adjudged owners of the property by virtue of inheritance. The crucial fact remains, however, that the will was admitted to probate and has never been set aside. 36 A.L.R.2d 917. Moreover, both the holding in *Kitchin* and the Indiana Probate Code resolve this dilemma in favor of the State's position. While the legislature has recognized the legal efficacy of family compromise settlements such as the one reached in this case in Ind.Code 29–1–9–1, the Commission Comments included in Burns Code Edition make it clear that the purpose of the legislation was to overcome the then-existing difficulties involved in consummating family settlement agreements where there were infants, incompetents, and non-residents involved. The legislature obviously did not intend that such settlements be used to effect a more beneficial inheritance tax posture, because it specifically stated further that such compromises shall not in any way impair the rights of the taxing authorities.[2]

Therefore, under the Probate Code [3] the trial court properly entered its order approving the family settlement agreement and directing that all further disposition of the estate be in accordance therewith. The court erroneously, however, under the Probate Code, the inheritance tax statutes, and Indiana case law, redetermined the amount of inheritance taxes according to the agreement.

Judgment reversed and remanded to the trial court with instructions to set aside its amended order and reinstate its original order determining the inheritance tax liability in this cause.

NEAL, P. J., and ROBERTSON, J., concur.

---

2. Indiana Code 1971, 29 1–9–1 (Burns Code Ed.):
"Compromise of contest or controversy.— *The compromise of any contest or controversy as to*
  (a) Admission to probate of any instrument offered as the last will of any decedent,
  (b) The construction, validity or effect of any such instrument,
  (c) *The rights or interests in the estate of the decedent of any person, whether claiming under a will or as heir,*
  (d) The rights or interests of any beneficiary of any testamentary trust, or
  (e) The administration of the estate of any decedent or of any testamentary trust, whether or not there is or may be any person interested who is a minor or otherwise without legal capacity to act in person or whose present existence or whereabouts cannot be ascertained, or whether or not there is any inalienable estate or future contingent interest which may be affected by such comprise [compromise], *shall,* if made in accordance with the provisions of this [Probate] Code, *be lawful, and binding upon all the parties thereto,* whether born or unborn, ascertained or unascertained, including such as are represented by trustees, guardians of estates and guardians ad litem; *but no such compromise shall in any way impair the rights*

of creditors or of taxing authorities. [Acts 1953, ch. 112, § 901, p. 295.]" (Emphasis added.)

3. Indiana Code 1971, 29–1–9–3 (Burns Code Ed.):
"Notice to interested persons—Findings by court—Order of approval and execution, effect.—*Upon due notice,* in the manner directed by the court, to all interested persons in being, or to their guardians, and to the guardians of all unborn persons who may take contingent interests by the compromise, and to the personal representative of the estate and to all trustees of testamentary trusts which would be affected by the compromise, *the court shall,* if it finds that the contest or controversy is in good faith and that the effect of the agreement upon the interests of persons represented by fiduciaries is just and reasonable, *make an order approving the agreement and directing the fiduciaries and guardians ad litem to execute such agreement.* Upon the making of such order and the execution of the agreement, all further dispositions of the estate shall be in accordance with the terms of the agreement. [Acts 1953, ch. 112, § 903, p. 295.]" (Emphasis added.)