**INDIANA DEPARTMENT OF STATE REVENUE, Inheritance Tax Division, Appellant,**

v.

**In the Matter of the ESTATE OF James M. PICKERILL, Deceased, Appellee.**

No. 49T10–0602–TA–17.

Tax Court of Indiana.

Nov. 1, 2006.

Steve Carter, Attorney General of Indiana, Jennifer E. Gauger, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jerome L. Withered, Withered Burns & Persin, LLP, Lafayette, IN, Attorney for Appellee.

FISHER, J.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the Tippecanoe Circuit Court's (probate court) order determining the Estate of James M. Pickerill's (Estate) Indiana inheritance tax liability. The issue before this Court is whether the probate court erred in determining that the Estate's inheritance tax liability was to be calculated according to the distribution set forth in a family settlement agreement as opposed to the decedent's will.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2003, James M. Pickerill, Sr. (James) died testate. James was survived by his wife, Susan Pickerill (Susan), and three sons from a previous marriage, James M. Pickerill, Jr., (James, Jr.), Casey Pickerill (Casey) and Kipp A. Pickerill (Kipp).

On January 20, 2000, prior to his marriage to Susan, James executed his Last Will and Testament (Will). In his Will, James provided for the payment of all debts, expenses regarding his last illness and funeral, administration expenses of his estate, and all inheritance, estate and succession taxes. The Will also provided that all of James's personal belongings were to be divided amongst his three sons in substantially equal shares. James bequeathed all of his residuary estate to his sons equally, *per stirpes*. Susan was not named as a beneficiary to the Will.

In March of 2004, after James's Will was admitted to probate, James's three sons entered into a family settlement agreement (Agreement) with Susan. Under the terms of the Agreement, the parties agreed that James's three sons would receive his one-half (1/2) interest in real estate located in Wisconsin (to be divided into three equal shares). Susan would receive the marital residence and the contents thereof, two marital vehicles, and the contents of a checking account she held jointly with James. The residuary estate was distributed to Susan and the three sons in four equal shares. As part of the Agreement, Susan waived her statutory right to elect to take against the will and to file for a spousal allowance.[1] Likewise, the three sons waived their rights to contest the will, claim statutory rights of inheritance, or any other claims against the Estate (other than claims for expenses related to the administration of the Estate). Ultimately, the property transferred to Susan under the Agreement was valued at $735,293. James, Jr. and Casey's interests were each valued at $463,914, while Kipp's interest was valued at $527,707.

On September 3, 2004, the Estate filed an Amended Indiana Inheritance Tax Return (inheritance tax return) in which it treated the $735,293 transferred to Susan as non-taxable, pursuant to Indiana Code § 6–4.1–3–7(a).[2] On January 31, 2005, the probate court accepted, as filed, the Estate's amended inheritance tax return and, therefore, determined that the Estate

---

1. Indiana Code § 29–1–4–1 provides a $15,000 statutory allowance for the surviving spouse of a decedent who was domiciled in Indiana. Ind.Code Ann. § 29–1–4–1 (West 2003). In turn, Indiana Code § 29–1–3–1 provides that the surviving spouse of an individual who dies testate may elect to take against the will of the decedent if the surviving spouse is not satisfied with the provision made for him or her in the will. *See* Ind.Code Ann. § 29–1–3–1(a) (West 2003). The statute further provides that if, as in this case, the surviving spouse is a subsequent childless spouse, he or she is entitled to one-third (1/3) of the net personal estate of the testator plus an amount equal to twenty-five percent (25%) of the remainder of: (1) the fair market value as of the date of death of the real property of the testator; minus (2) the value of the liens and encumbrances on the real property of the testator. *Id.* When determining the net estate of the deceased spouse for purposes of computing the amount due the surviving spouse electing to take against the will, the court shall consider only such property as would have passed under the laws of descent and distribution. *Id.*

2. In Indiana, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property transfers made by him." Ind Code Ann. § 6–4.1–2–1 (West 2003). Transfers of property from a decedent to a surviving spouse, however, are exempt from Indiana inheritance tax. Ind Code Ann. § 6–4.1–3–7(a) (West 2003).

owed $40,527 in inheritance tax (initial order).

On May 27, 2005, the Department filed a Petition For Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax (Petition) with the probate court. In its Petition, the Department challenged the Estate's asset distribution and calculation of inheritance tax based on the Agreement. In its supporting brief, the Department argued that pursuant to Indiana Code § 29–1–9–1, the distribution under the Will, as opposed to the Agreement, controlled the calculation of inheritance tax and the Estate, therefore, owed an additional $25,148.40 in tax, plus interest. (*See* Appellant's App. at 32–39.)

The probate court held a hearing on the Petition on October 24, 2005; the Department's counsel, however, did not attend the hearing. Consequently, after hearing the Estate's position on the Petition, the probate court instructed the Estate to file a proposed order finding in favor of the Estate. The Estate submitted the order, and the court issued the same, on October 26, 2005. On October 28, 2005, the Department filed an emergency motion to continue the previously held hearing, which the probate court subsequently denied. On November 29, 2005, the Department filed a motion to correct errors; the probate court denied that motion as well, on January 3, 2006.

On January 31, 2006, the Department filed an appeal with this Court. The Court heard the parties' oral arguments on September 11, 2006. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The Indiana Tax Court acts as a true appellate tribunal when it reviews a probate court's determination concerning the amount of Indiana inheritance tax due. IND.CODE ANN. § 6–4.1–7–7 (West 2006);

*Dep't of State Revenue, Inheritance Tax Div. v. Estate of Phelps,* 697 N.E.2d 506, 509 (Ind. Tax Ct.1998). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo. Estate of Phelps,* 697 N.E.2d at 509 (citations omitted).

## DISCUSSION

The issue on appeal is whether the probate court erred in calculating the amount of inheritance tax the Estate owed. The Department maintains that the probate court should have determined the amount of tax due based on the transfers under the Will and not the Agreement, pursuant to Indiana Code § 29–1–9–1. The Estate, on the other hand, contends that Indiana Code § 29–1–9–1 does not apply in this case because a will contest was not filed or contemplated nor was any other claim or dispute filed with the probate court, as contemplated by the statute. (*See* Appellee's Br. at 5–6.) The Department is correct.

Indiana Code § 29–1–9–1 states:

The compromise of any contest or controversy as to:

(a) admission to probate of any instrument offered as the last will of any decedent,

(b) the construction, validity or effect of any such instrument,

(c) the rights or interests in the estate of the decedent of any person, whether claiming under a will or as heir,

(d) the rights or interests of any beneficiary of any testamentary trust, or

(e) the administration of the estate of any decedent or of any testamentary trust,

whether or not there is or may be any person interested who is a minor or

otherwise without legal capacity to act in person or whose present existence or whereabouts cannot be ascertained, or whether or not there is any inalienable estate or future contingent interest which may be affected by such compromise, shall, if made in accordance with the provisions of this article, be lawful and binding upon all parties thereto, whether born or unborn, ascertained or unascertained, including such as are represented by trustees, guardians of estates and guardians ad litem; *but no such compromise shall in any way impair the rights of creditors or of taxing authorities.*

IND.CODE ANN. § 29–1–9–1 (West 2003) (emphasis added). The comments to that statute further provide:

> [t]he purpose of this article is to set up legal machinery whereby parties having an interest in a decedent's estate may compromise *any difference* they may have with reference to a division of the corpus of the estate, and obtain a court order approving the compromise. Such agreements are sometimes called "Family Agreements" and are looked upon with favor in law.

*See id.* (at Indiana Probate Code Commission's 1953 Comments, §§ 901–2–3) (emphasis added).

██ It is clear from the language of Indiana Code § 29–1–9–1 and the comments pertaining thereto that while the legislature favors family settlement agreements, it did not intend for such agreements to alter the manner in which inheritance tax is imposed. *See* A.I.C. § 29–1–9–1. *See also Estate of McNicholas v. State of Indiana,* 580 N.E.2d 978, 983 (Ind. Ct.App.1991), *trans. denied; Dep't of State Revenue, Inheritance Tax Div. v. Estate of Binhack,* 426 N.E.2d 714, 718 (Ind.Ct.App. 1981); *Indiana Dep't of State Revenue,*

*Inheritance Tax Div. v. Kitchin,* 119 Ind. App. 422, 86 N.E.2d 96, 97 (1949); *Blood v. Poindexter,* 534 N.E.2d 768, 771 (Ind. Tax Ct.1989). Indeed, Indiana Code § 29–1–9–1 is consistent with the inheritance tax imposition statutes. *See Poehlman v. Feferman,* 717 N.E.2d 578, 582 (Ind.1999) (stating that there is a strong presumption that when the legislature enacted a particular piece of legislation, it was aware of existing statutes relating to the same subject); *Caterpillar Fin. Serv. Corp. v. Indiana Dep't of State Revenue,* 849 N.E.2d 1235, 1243 (Ind. Tax Ct.2005) (stating that statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious result), *review denied.*

██ More specifically, Indiana's inheritance tax "is imposed at the time of a decedent's death on certain property transfers *made by him.*" IND.CODE ANN. § 6–4.1–2–1(a) (West 2003) (emphasis added). The tax is on the *transfer* of the property, not the property itself. *See id. See also Blood,* 534 N.E.2d at 770. When assets are distributed based on a family settlement agreement, however, it does not constitute a transfer made by the decedent; rather a family settlement agreement is a contract to transfer property from one living person to another, *subsequent* to the transfer of property made by the decedent under his Will. In other words, "property passing under a family settlement agreement is not inherited, but passes by an assignment from living persons of their rights under the will." *McNicholas,* 580 N.E.2d at 983 n. 9.

Thus, by entering into the Agreement, James's sons transferred *their* property rights to Susan. This transfer is not the basis of inheritance tax; only the transfers from James to his sons, via the Will, are

subject to inheritance tax.[3]  *See* A.I.C. § 6–4.1–2–1 (footnote added).  *See also Binhack's Estate,* 426 N.E.2d at 716.  Accordingly, when a family settlement agreement exists, how the agreement came into existence (i.e., whether or not litigation actually ensued or a claim was filed) does not change the fact that the agreement cannot alter the manner in which inheritance tax is imposed.[4]

## CONCLUSION

This Court finds that the probate court's calculation of inheritance tax, based on its legal conclusion that Indiana Code § 29–1–

9–1 is inapplicable to this case, was in error.[5]  Therefore, the judgment of the probate court is REVERSED.  This case is remanded to the Tippecanoe Circuit Court to calculate the amount of inheritance tax due consistent with this opinion.

**3.** The distribution set forth in a family settlement agreement could be the basis of inheritance tax, however, *if* a will is invalidated, pursuant to Indiana Code § 29–1–7–17, or otherwise set aside.  *See Estate of McNicholas v. State of Indiana,* 580 N.E.2d 978, 982–83 n. 9 (Ind.Ct.App.1991) (explaining that the rule does not apply if the testator's will is set aside; then the tax follows the terms of the agreement), *trans. denied; Indiana Dep't of Revenue, Inheritance Tax Div. v. Estate of Binhack,* 426 N.E.2d 714, 716 (Ind.Ct.App.1981) (explaining that while equitable predilections might cause one to determine inheritance tax on the basis of the actual distributions set forth in the agreement, as long as the will has not been set aside as invalid, the legislature has provided otherwise).  *See also* IND.CODE ANN. § 29–1–7–17 (West 2003) (listing the four grounds for invalidating a will).  A probate court's approval of a family settlement agreement does not constitute the invalidation of a will nor does it, in any way, function to set the will aside.  *See* IND.CODE ANN. § 29–1–9–3 (West 2003) (outlining a probate court's authority in approving a family settlement agreement).  *See also McNicholas,* 580 N.E.2d at 983.

**4.** Indeed, the comments to Indiana Code § 29–1–9–1 explain that the statute encompasses *any* difference parties may have regarding the division of the Estate's assets. *See* IND.CODE ANN. § 29–1–9–1 (West 2003) (at Indiana Probate Code Commission's 1953 Comments, §§ 901–2–3).  In this case, the parties disagreed with the Will's failure to provide for Susan, having been executed prior to James's marriage to Susan.  (*See* Appel-

lant's App. at 58.) In other words, the family questioned whether the distribution under the Will was an accurate representation of the decedent's wishes as it related to Susan.  *Cf. with* A.I.C. § 29–1–9–1(c).

**5.** The Court also notes that in its order denying the Department's Petition, the probate court stated that Susan's waiver of her right to elect to take against the will is "tantamount to a disclaimer."  (*See* Appellant's App. at 64.) Based on its interpretation of a footnote in *McNicholas,* the Estate claims that it could have accomplished the Agreement's distribution by filing a disclaimer and, therefore, to say that the Agreement cannot alter inheritance tax, but a disclaimer can, is to exalt form over substance.  (*See* Appellee's Br. at 2, 8;  Oral Argument Tr. at 16–17.)  The Estate, however, is incorrect.

In *McNicholas,* the decedent's will specified that her entire estate was to pass to her three daughters in unequal shares.  *See McNicholas,* 580 N.E.2d at 979.  The three daughters subsequently entered into a settlement agreement, dividing the Estate property into three equal shares.  *Id.* After determining that the settlement agreement did not alter the calculation of inheritance tax, the Indiana Court of Appeals noted that based on the specific facts of that case, the distribution effected by the settlement agreement could have also been accomplished had the daughter, who received the larger interest, made a partial disclaimer of her interest.  *Id.* at 983 n. 10.  The facts of this case, however, do not result in the same conclusion.