In re The ESTATE OF Paul
DUNNICK, Deceased,

DeWitt Kim Dunnick, as Executor of
the Estate of Paul Dunnick,
Appellant,

v.

Indiana Department of State Revenue,
Inheritance Tax Division,
Appellee.

No. 49T10–0504–TA–00034.

Tax Court of Indiana.

Nov. 1, 2006.

James R. Byron, Jacob S. Frost, Thorne Grodnik, LLP, Elkhart, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Kristen M. Kemp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

FISHER, J.

The Estate of Paul Dunnick (Estate) appeals the Elkhart County Superior Court's (probate court) order determining its Indiana inheritance tax liability. The issues before this Court are as follows:

I.  Whether the probate court erred in determining that it had jurisdiction over the Indiana Department of State Revenue, Inheritance Tax Division's (Department) Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax; and

II. Whether the probate court erred in determining that the Estate's inheritance tax liability was to be calculated according to intestate succession and not a family settlement agreement.

## FACTS AND PROCEDURAL HISTORY

On September 1, 2002, Paul Dunnick died testate. Paul was survived by his wife, Ruth Dunnick (Ruth), and three sons from a previous marriage, DeWitt Kim Dunnick (Kim), James Scott Dunnick (James) and Nicholas Reed Dunnick (Reed).

On December 29, 1995, almost seven years before his death, Paul created the Paul Dunnick Trust (Trust). Paul reserved the right to revoke and amend the Trust as he saw fit, and named himself trustee and beneficiary of the Trust during his lifetime. Paul also named Kim as co-trustee, and all three of his sons as beneficiaries. Paul placed the majority of his assets in the Trust.

On September 1, 1996 (prior to their September 9, 1996 wedding), Paul and Ruth entered into a prenuptial agreement. The prenuptial agreement provided that Ruth was entitled to the marital residence and all the furnishings, two lawn tractors, and a $100,000 promissory note owned by Paul. The prenuptial agreement further indicated that monies earned by either Paul or Ruth were to remain property of that individual and that both parties had

the right to give to their heirs as they saw fit.

On December 24, 1999, Paul executed his Last Will and Testament (Will), in which he provided for the payment of all debts, expenses regarding his last illness and burial, and the administration of his estate by Kim as personal representative. The Will also provided that the remainder of Paul's assets was to be transferred to the Trust and distributed according to the Trust terms. Ruth was not named as a beneficiary in either Paul's Will or his Trust.

On December 18, 2002, after Paul's will was admitted to probate, Ruth filed with the probate court a Petition of Surviving Spouse For Statutory Allowance pursuant to Indiana Code § 29–1–4–1 (allowance petition), and an Election to Take Against the Will by Surviving Spouse pursuant to Indiana Code § 29–1–3–1 (election).[1] On April 14, 2003, Ruth amended her filings to include a claim under Indiana Code § 32–17–13–2 that the nonprobate transferees (Kim, James and Reed) were liable for her statutory allowance and election in the event that the assets in the Estate were insufficient. In May of 2003, Kim, as personal representative of the Estate, filed objections to Ruth's election and allowance

petition arguing that Ruth's prenuptial agreement with Paul barred her claims.

Nevertheless, on September 15, 2003, Paul's Estate and Trust entered into a settlement agreement with Ruth. Under the terms of the settlement agreement, the Estate would transfer to Ruth a promissory note owned by Paul worth $200,000 plus unpaid accrued interest on the note, cash in the amount of $58,000, and an annuity contract with General Electric Capital Assurance Company that the Estate would purchase for Ruth's benefit.[2] The settlement agreement also provided that if the Estate did not have sufficient money or assets to satisfy the transfers to Ruth, the Trust would lend the requisite funds to the Estate to cover the transfers. The Estate estimated that the total amount transferred to Ruth under the settlement agreement was $1,039,516. Ruth then filed a motion to dismiss, withdrawing her election and allowance petition, which the probate court subsequently granted.

On March 2, 2004, the Estate filed an Amended Indiana Inheritance Tax Return (inheritance tax return), in which it treated the $1,039,516 transferred to Ruth as nontaxable under Indiana Code § 6–4.1–3–7(a).[3] On May 21, 2004, the probate court entered an order determining inheritance

---

1. Indiana Code § 29–1–4–1 provides a $15,000 statutory allowance for the surviving spouse of a decedent who was domiciled in Indiana. IND. CODE ANN. § 29–1–4–1 (West 2002). In turn, Indiana Code § 29–1–3–1 provides that the surviving spouse of an individual who dies testate may elect to take against the will of the decedent if the surviving spouse is not satisfied with the provision made for him or her in the will. See IND. CODE ANN. § 29–1–3–1(a) (West 2002). The statute further provides that, if, as in this case, the surviving spouse is a subsequent childless spouse, he or she is entitled to one-third (1/3) of the net personal estate of the testator plus a life estate in one-third (1/3) of the lands of the testator. Id. When determining the net estate of the deceased spouse for

purposes of computing the amount due the surviving spouse electing to take against the will, the court shall consider only such property as would have passed under the laws of descent and distribution. Id.

2. The annuity would pay Ruth $36,000 annually for the remainder of her life.

3. In Indiana, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property transfers made by him." IND.CODE ANN. § 6–4.1–2–1 (West 2002). Transfers of property from a decedent to a surviving spouse, however, are exempt from Indiana inheritance tax. See IND.CODE ANN. § 6–4.1–3–7(a) (West 2002).

tax and accepting, as filed, the Estate's amended inheritance tax return (initial order).[4]

On September 20, 2004, the Department filed a Petition For Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax (Petition) with the probate court. In its Petition, the Department challenged the Estate's asset distribution and calculation of inheritance tax, claiming that it "[could] not determine how the Estate figured its distribution." (Appellant's App., Vol. II at 203.) The probate court held a hearing on the Petition on January 28, 2005. During the hearing, the Estate explained that its distribution of assets was based on the settlement agreement. In response, the Department argued that, pursuant to Indiana Code § 29–1–9–1, the Estate's settlement agreement with Ruth could not impair the Department's taxing ability. See IND.CODE ANN. §´ 29–1–9–1 (West 2006). Therefore, the Department argued that the Estate's inheritance tax should have been calculated based on the distribution to which Ruth was entitled under her election claim.[5]

After hearing the parties' arguments, the probate court issued an order allowing the parties to file briefs addressing the applicability of Indiana Code § 29–1–9–1. In its brief, the Estate first asserted that the probate court lacked jurisdiction over the Petition because it was filed two days late and because the Department's grounds for redetermination were not sufficiently asserted within the Petition. Notwithstanding its jurisdictional challenge, the Estate argued that Indiana Code § 29–1–9–1 was not applicable to settlements concerning spousal elections against a will, inter vivos trusts and prenuptial agreements; therefore, it was entitled to take a marital exemption for the amount Ruth received under the settlement agreement. The Estate requested an additional hearing to readdress the issues in light of Indiana Code § 29–1–9–1 if the probate court found the statute was, in fact, applicable. The probate court, however, did not conduct another hearing on the matter. Instead, on March 3, 2005, the probate court issued an order granting the Department's Petition (Order), finding that it was timely filed and that Indiana Code § 29–1–9–1 controlled.[6] Accordingly, the probate court ordered the Estate to file another amended inheritance tax return in compliance with its findings.

On April 1, 2005, the Estate filed an appeal with this Court. The Court heard the parties' oral arguments on October 7, 2005. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

■ The Indiana Tax Court acts as a true appellate tribunal when it reviews a

---

4. As a result, the probate court determined that the Estate owed $210,770 in inheritance tax.

5. The Department claims that in electing to take against the will under Indiana Code § 29–1–3–1, Ruth would have been entitled to $442,398. Accordingly, the Department claims that the Estate was allowed to claim a marital exemption on the $442,398, not the $1,039,516 Ruth actually received under the settlement agreement. (See Appellee's Br. at 7.)

6. In its Order, the probate court also stated that Indiana Code § 29–1–3–1 was not applicable to the case. On March 15, 2005, the Department filed a motion to correct errors, stating that the statute was applicable because it dictated the computation of Ruth's distribution given that the probate court found that the settlement agreement could not alter the calculation of inheritance tax. (See Appellant's App., Vol. II at 335.) The probate court entered an order the same day granting the Department's motion. (Appellant's App., Vol. II at 330.)

probate court's determination concerning the amount of Indiana inheritance tax due. IND.CODE ANN. § 6–4.1–7–7 (West 2006); *Dep't of State Revenue, Inheritance Tax Div. v. Estate of Phelps*, 697 N.E.2d 506, 509 (Ind. Tax Ct.1998). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo. Estate of Phelps*, 697 N.E.2d at 509 (citations omitted).

## DISCUSSION

The Estate argues that the probate court erred when it found that it had jurisdiction over the Department's Petition and that Indiana Code § 29–1–9–1 was applicable. The Estate, therefore, maintains that the probate court's initial order should be reinstated. The Court will address each of these arguments in turn.

### I. Lack of Jurisdiction

### A. Timeliness of the Petition

The Estate claims that pursuant to Indiana Code § 6–4.1–7–1, the probate court lacked jurisdiction over the Petition because it was not timely filed. Indiana Code § 6–4.1–7–1 states:

[a] person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within one hundred twenty (120) days after the determination is made. In the petition, the person must state the grounds for the rehearing.

IND.CODE ANN. § 6–4.1–7–1 (West 2004). The Department filed its Petition on Monday, September 20, 2004. The Estate argues that the Department was required to have filed its Petition by Saturday, September 18, 2004.

While Indiana Code § 6–4.1–7–1 prescribes a time period for filing a petition for rehearing and redetermination, it does not specify the procedure by which the period is computed. Nevertheless, it is a well-established common law rule that when a statute is silent as to how a time limitation within the statute is computed, Indiana Trial Rule 6(A) governs the computation. *See, e.g., Jenkins v. Yoder*, 163 Ind.App. 377, 324 N.E.2d 520, 521 (1975); *Ball Stores, Inc. v. State Bd. of Tax Comm'rs*, 262 Ind. 386, 316 N.E.2d 674, 677–78 (1974). Indiana Trial Rule 6(A) states:

[i]n computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is: [ ] a Saturday, [ ] a Sunday, [ ] a legal holiday as defined by state statute, or [ ] a day the office in which the act is to be done is closed during regular business hours. In any event, the period runs until the end of the next day that is not a Saturday, Sunday, a legal holiday, or a day on which the office is closed.

Ind. Trial R. 6(A). Therefore, because the Petition was filed on the next business day that was not a Saturday, Sunday or legal holiday, the Petition is considered timely filed.[7]

---

7. The Estate's Rosition would require the Department to have filed the Petition by Friday, September 17th (i.e., because the Elkhart Superior Court Clerk's Office is closed on Saturdays). Such a requirement, however, is contrary to the legislative intent of Indiana Code § 6–4.1–7–1. *See* IND.CODE ANN. § 6–4.1–7–1 (West 2004). *See also Ball Stores, Inc. v. State Bd. of Tax Comm'rs*, 262 Ind. 386, 316 N.E.2d 674, 675–76 (1974) (stating that where

## B. Statement of Grounds

■ The Estate also argues that the probate court lacked jurisdiction over the Petition because it did not sufficiently state the grounds for the redetermination. *See* A.I.C. § 6–4.1–7–1. (*See also* Appellant's Br. at 25–26; Appellant's Reply Br. at 18–21.) More specifically, the Estate claims that the Petition sought a "blanket" rehearing based on general, vague and indefinite grounds and, therefore, neither the Estate nor the probate court were informed of the specific question involved (i.e., whether the asset distribution was improperly based on the terms of the settlement agreement). (Appellant's Reply Br. at 19.) The Court, however, disagrees.

Indiana Code § 6–4.1–7–1 merely states that a petition for rehearing "must state the grounds for the rehearing[.]" A.I.C. § 6–4.1–7–1. The Department's Petition stated, in pertinent part, that it "cannot determine how the Estate figured its distribution." (*See* Appellant's App., Vol. II at 203.) Based on that language, the probate court and the Estate were put on notice that the Department was challenging, based on the distribution of assets, the calculation of the inheritance tax due. While the Department did not cite to Indiana Code § 29–1–9–1 in its Petition, it was not statutorily required to do so. *See Indiana Dept. of Revenue, Inheritance Tax Div. v. Estate of Binhack,* 426 N.E.2d 714, 717 (Ind.Ct.App.1981) (stating that Indiana Code § 6–4.1–7–1 "provides no limitation either on the reasons for the request for the redetermination or on the factors which the court might consider relating to the manner in which the tax is calculated"). Because the Department's Petition complies with the requirements of Indiana Code § 6–4.1–7–1, the probate court did not err in assuming jurisdiction over the Department's Petition.[8]

the express statutory language affords the taxpayer a certain amount of time within which to commence an appeal, any time period less than that prescribed would be contrary to the intent of the legislature). The application of Trial Rule 6(A), on the other hand, gives effect to the legislative intent in that it allows the taxpayer the full 120 days to file its petition. *See id.* (stating that "[e]very conceivable element of fair play, common sense and logic mandates that the taxpayer be afforded the full [time period] to complete his appeal to the courts").

The Estate relies on several Indiana cases for the proposition that Trial Rule 6(A) cannot extend the limitations period for the Department's Petition. (*See* Appellant's Br. at 23–25; Appellant's Reply Br. at 16–18; Appellant's Additional Authorities.) Nevertheless, the Estate's reliance on these cases is misplaced as none of them discuss the applicability of Trial Rule 6(A) when, as in this case, a statutory time period expires on a Saturday. *See McDillon v. N. Indiana Pub. Serv. Co.,* 841 N.E.2d 1148 (Ind.2006) (determining the applicability of Indiana Trial Rule 6(E) which provides for additional time where a party is required to complete an act within a prescribed period after service of a notice and the notice was served by mail); *In re Estate of Wilson,* 822 N.E.2d 292 (Ind. Tax Ct.2005) (deciding whether a petition for redetermination was due 120 days after the court entered an order determining tax or 120 days after the parties actually received notice of the order); *In re Estate of Compton,* 406 N.E.2d 365 (Ind.Ct.App.1980) (deciding whether a counter claim filed pursuant to Indiana Trial Rule 13(J) could extend the statutory time limitation); *In re Estate of Hibbeln,* 157 Ind.App. 422, 300 N.E.2d 384 (1973) (deciding whether a petition for redetermination was timely filed when the petition was filed almost a year after the probate court's order determining inheritance tax). Because these cases are not relevant to the question presented, the Court need not address the issue further.

8. In any event, the probate court allowed the parties to file post-hearing briefs regarding the applicability of Indiana Code § 29–1–9–1. As such, the Estate was not prejudiced by the absence of a statutory citation in the Petition.

## II. Applicability of Indiana Code § 29–1–9–1

■ The Estate also contends that the probate court erred in finding that the marital exemption did not apply to the entire amount Ruth *received* pursuant to the settlement agreement. More specifically, the Estate argues that Indiana Code § 29–1–9–1 does not apply in this case because it does not address settlements concerning inter vivos trusts, prenuptial agreements, and elections. (Appellant's Br. at 20–23.) Instead, the Estate claims that the language of the statute indicates that it was intended to reach only those settlements involving testamentary trust and will contests. Again, the Court disagrees.

Indiana Code § 29–1–9–1 states in pertinent part:

The compromise of any contest or controversy as to:

(a) admission to probate of any instrument offered as the last will of any decedent,

(b) the construction, validity or effect of any such instrument,

(c) the rights or interests in the estate of the decedent of any person, whether claiming under a will or as heir,

(d) the rights or interests of any beneficiary of any testamentary trust, or

(e) the administration of the estate of any decedent or of any testamentary trust . . .

shall [not] in any way impair the rights of creditors or of taxing authorities.

A.I.C. § 29–1–9–1. The comments to that statute state:

[t]he purpose of this article is to set up legal machinery whereby parties having an interest in a decedent's estate may compromise *any difference* they may have with reference to a division of the

corpus of the estate, and obtain a court order approving the compromise. Such agreements are sometimes called "Family Agreements" and are looked upon with favor in law.

*See id.* (at Indiana Probate Code Commission's 1953 Comments, §§ 901–2–3) (emphasis added).

Subsection (c) of Indiana Code § 29–1–9–1 is particularly applicable in this case due to Ruth's election. Indeed, when a surviving spouse like Ruth elects to take against the will, she is deemed to have renounced all rights and interest in the personal and real property of the decedent and accept, in lieu thereof, the share of the net estate she would have received under the laws of intestacy. *See* A.I.C. § 29–1–3–1(c). By seeking her statutory share of Paul's Estate, Ruth was attempting to establish her *rights in the estate as an heir.* *See* A.I.C. § 29–1–3–1(a), (c), (d). *See also Crane v. Burns,* 235 Ind. 583, 135 N.E.2d 832, 834 (1956) (explaining that a surviving spouse electing to take under the statute of intestate succession to the property of the decedent and against the will, is considered an heir). Thus, the language of subsection (c) clearly encompasses Ruth's claims.

■ In the alternative, the Estate claims that Indiana Code § 29–1–9–1 is not applicable in this case because the settlement agreement did not impair the Department's taxing ability. In other words, the Estate maintains that it entered into the settlement agreement with Ruth based on its belief that Ruth's election extended to the trust assets. (*See* Appellant's Br. at 13–16.) Therefore, the Estate argues that the settlement agreement actually benefited the Department because the marital exemption from inheritance tax was reduced from $2,010,102.30 to the $1,039,516 Ruth received.[9] (Appellant's Br. at 16

---

9. Assuming that Ruth's election would also   extend to the trust assets, the Estate calculat-

(footnote added).) The Estate's argument, however, misses the mark.[10]

It is a well-established rule that while Indiana law favors family settlement agreements, such agreements cannot alter the manner in which inheritance tax is imposed. *See* A.I.C. § 29–1–9–1. *See also Estate of McNicholas v. State of Indiana*, 580 N.E.2d 978, 983 (Ind.Ct.App.1991), *trans. denied; Binhack's Estate*, 426 N.E.2d at 718; *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Kitchin*, 119 Ind.App. 422, 86 N.E.2d 96, 97 (1949); *Blood v. Poindexter*, 534 N.E.2d 768, 771 (Ind. Tax Ct.1989). Indiana inheritance tax laws are ownership statutes that require taxation where there is a transfer from a decedent of an interest in property that the decedent owned at death. *Blood*, 534 N.E.2d at 770. The tax is upon the transfer of the property, whether it was transferred by will, by intestate laws, or in contemplation of death. *See Kitchin*, 86 N.E.2d at 97. Here, because Ruth elected to take against Paul's will, the transfer to

Ruth is deemed by intestate succession and is treated as such for inheritance tax purposes.[11] *See id.* (footnote added).

Furthermore (with respect to the Estate's argument that the statute is inapplicable because the Department's taxing ability was not impaired), the Court notes that one purpose of Indiana Code § 29–1–9–1 is to prevent families from creating more beneficial tax postures at the expense of the Department. Nevertheless, the Estate's position is that the rule only applies if the Department is able to tax less money as a result of the settlement; such an application, however, is one-sided and unfair to the taxpayer. Rather, the rule that family settlement agreements do not alter the manner in which inheritance tax is imposed must apply equally in all cases. *See McNicholas*, 580 N.E.2d at 983; *see also State, Civil Rights Comm'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1048 (Ind.2000) (stating that courts presume that the legislature intended for statutory language to be applied logically

---

ed that Ruth would receive $2,010,102.30 reflecting: (1) a life estate in one-third of the real estate; (2) one-half of the personal property; (3) the marital residence; (4) all household goods; and (5) one-third of the Trust. (Appellant's Br. at 16.)

**10.** In addressing the Estate's argument, the parties devote much of their briefs and oral arguments to whether Ruth's election could extend to the Trust property. Nevertheless, the Estate did not make that argument before the probate court because it entered into the settlement agreement with Ruth. Consequently, the probate court did not make any findings of fact or determinations on that issue and, therefore, this Court cannot address the issue. *See Estate of McNicholas v. State of Indiana*, 580 N.E.2d 978, 983 n. 10 (Ind.Ct.App.1991) ("[a] question not presented to the trial court and, thus, not determined cannot be considered on appeal"), *trans. denied.*

**11.** In *McNicholas*, the Indiana Court of Appeals explained the rationale for basing inher-

itance and succession tax calculations on the amount that would have passed under a will and not what was actually received pursuant to a family settlement agreement:

> [t]he majority view appears to be that the tax is computed in accordance with the terms of the will. Courts taking this position reason that the tax is fixed at the time of the death of the testator, and since a will cannot be changed by agreement entered into after [the] testator's death, property passing under such an agreement is not inherited, but passes by an assignment from living persons of their rights under the will.

*Id.* at 983 n. 9. (citations omitted). This Court finds the same logic is applicable where the transferee takes by intestate succession. *See also In re Estate of McCoy*, 39 N.C.App. 52, 249 S.E.2d 473, 475 (1978) (stating that as in cases concerning a will, "[t]he parties are to be taxed according to the share each heir is entitled to receive under the North Carolina Intestate Succession Act and not according to the share each heir received under [their settlement agreement]"), *review denied.*

and not in a manner that brings about an unjust or absurd result).

### CONCLUSION

This Court finds that the probate court did not err when it determined that it had jurisdiction over the Department's Petition and that Indiana Code § 29–1–9–1 was applicable to the case. The judgment of the probate court is AFFIRMED.